IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------- x
In re: : Chapter 11
:
GLOBAL ENERGY HOLDINGS GROUP, : Case No. 09-14192 (PJW)
INC., et al.,[1] : (Jointly Administered)
:
Debtors. : Hearing Date: 3/22/2010 at 1:30 p.m.
: Objection Deadline: 3/15/2010 at 4:00 p.m.
---------------------------------- x

## APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF KANE RUSSELL COLEMAN & LOGAN PC AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Official Unsecured Creditors' Committee (the "Committee") of Global Energy Holdings Group, Inc., and its affiliated Debtors (collectively, the "Debtors") files this *Application for Order Authorizing the Employment of Kane Russell Coleman & Logan PC as Attorneys for the Official Committee of Unsecured Creditors* (the "Application"). By this Application, the Committee seeks the Court's approval to retain and employ Kane Russell Coleman & Logan PC ("KRCL") as attorneys for the Official Committee of Unsecured Creditors (the "Committee"), effective as of February 25, 2010. In support of the Application, the Committee attaches the Declaration of Joseph M. Coleman as **Exhibit "A,"** and would further respectfully show the Court as follows:

### A. Case Background

1. This is a core proceeding, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334, respectively. The statutory predicates for the relief requested are 11 U.S.C. §§ 328 and 1103 and Fed. R. Bankr. P. 2014.

---

[1] The additional debtors associated with this case are Augusta Biofuels, LLC (Case No. 09-14193 (PJW)); GES – Live Oak Hickory Ridge, LLC (Case No. 09-14194 (PJW)); Spring Hope Biofuels, LLC (Case No. 09-14195 (PJW)); and Xethanol Biofuels, LLC (Case No. 09-14196 (PJW)).

2. The Chapter 11 cases of the Debtors were commenced by each of the Debtors filing their respective voluntary petition under Chapter 11 of Title 11 of the United States Code (hereinafter the "Bankruptcy Code") on or about November 25, 2009 (the "Petition Date").

3. As of the date of this Application, no trustee has been appointed in this case and since the Petition Date, the Debtors have continued to operate as a debtors-in-possession pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code.

4. On or about February 9, 2010, the United States Trustee for the District of Delaware (the "Trustee") appointed the Committee. The Committee currently consists of the following voting members:

（a) Gary Klein;
(b) Acclaim Energy Advisors f/k/a The Legacy Group; and
(c) Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC.

5. Following the Committee's initial appointment, the Committee elected John Elder on behalf of Acclaim Energy Advisors f/k/a The Legacy Group as Committee chairman, and hired, subject to Court approval, Kane Russell Coleman & Logan PC, as the Committee's counsel and Womble Carlyle Sandridge & Rice, PLLC as local counsel.

6. The Committee seeks Court authority to employ KRCL as attorneys for the Committee, pursuant to 11 U.S.C. §§ 328 and 1103. KRCL maintains offices at 3700 Thanksgiving Tower, 1601 Elm Street, Dallas, Texas 75201. The telephone number and facsimile numbers are (214) 777-4200 and (214) 777-4299, respectively.

7. The Declaration of Joseph M. Coleman (Texas Bar No. 04566100), a shareholder and director of KRCL, is annexed hereto as Exhibit "A" in support of this Application in accordance with 11 U.S.C. § 1103 and Bankruptcy Rule 2014.

B. **Reasons for Selection of KRCL**

8. The Committee has selected Joseph M. Coleman and KRCL as its counsel because Mr. Coleman and the members of KRCL possess considerable experience in matters of this nature and are well qualified to represent the Committee in this case. Mr. Coleman has over twenty-five years experience in the practice of law, specifically in the practice area of bankruptcy law and creditors' rights. Mr. Coleman has extensive experience in the representation of creditors' committees, including representing over thirty committees in various jurisdictions.

C. **Services to be Rendered by KRCL**

9. The professional services KRCL will render for the Committee include, but are not limited to, the following:

   (a) To provide the Committee with legal advice concerning its duties, powers and rights in relation to the Debtors and the administration of this bankruptcy;

   (b) To assist the Committee in the investigation of the acts, conduct, assets, and liabilities of the Debtors, and any other matters relevant to the case or to the formulation of a plan of reorganization;

   (c) To aid the Committee with the assistance of the Debtors in the formulation of a plan of reorganization, or if appropriate, to formulate the Committee's own plan of reorganization;

   (d) To take such action as is necessary to preserve and protect the right of all unsecured creditors of the Debtors;

   (e) To prepare on behalf of the Committee all necessary applications, pleadings, adversary proceedings, answers, reports, orders, responses, and other legal documents;

   (f) To conduct appropriate discovery and investigation into the Debtors' operations, valuation of assets, lending relationships, management, and causes of action; and

   (g) To perform all other legal services which may be necessary and in the best interests of the unsecured creditors of the Debtors' estate.

D.  **Compensation of KRCL**

10. The customary and proposed hourly rates to be charged by KRCL by the individuals expected to be directly involved in representing the Committee are as follows:

| Attorney | Rate |
| --- | --- |
| Joseph M. Coleman | $510.00 per hour |
| David D. Ritter | $310.00 per hour |
| John J. Kane | $225.00 per hour |
| Associates | $225.00 - $310.00 per hour |
| Paralegals | $75.00 - $165.00 per hour |
| Information Data Professionals [Committee website maintenance] | $125.00 - $185.00 per hour |

11. Generally, KRCL's directors charge between $225.00 and $510.00 per hour and KRCL's associates are billed at between $160.00 and $310.00 per hour. Such rates are subject to periodic annual adjustment, generally on January 1 of each calendar year. KRCL also requires reimbursement for actual, necessary expenses incurred in representing the Committee.

12. The hourly rates set forth above are KRCL's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the firm for the work of its attorneys and paralegals and to cover fixed and other routine overhead expenses. KRCL's policy is to charge its clients in all practice areas for out-of-pocket expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopy, travel, and other travel-related charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels provided by KRCL to outside copying services for use in mass mailings), expenses for "working meals," computerized research,

transcription costs as well as non-ordinary overhead expenses such as secretarial overtime necessitated by emergencies beyond KRCL's control. KRCL's practice, with respect to facsimile charges, is not to charge for incoming faxes, but to only charge for outgoing facsimiles at the rate of $.50 per page (local) and $.75 per page (long distance). KRCL's charges to the Committee for these expenses are consistent with the manner and rates generally charged to KRCL's other clients. KRCL believes it is fair to charge these expenses to clients incurring them rather than increase hourly rates and spread the expenses among all clients.

13. In addition, in order to comply with the requirements of 11 U.S.C. § 1102(b)(3), the Committee anticipates KRCL may be asked to establish a webpage for communications with creditors. Thus, in addition to the hourly rate for Information Professionals, KRCL, consistent with the practices of outside vendors providing similar services and its own billing practices regarding other similarly-situated clients, will charge a monthly hosting fee of $150.00 per month.

14. Subject to this Court's approval of the Application, the Committee has agreed to the employment of KRCL as counsel at the hourly rates set forth above, with such compensation to be paid in accordance with 11 U.S.C. §§ 328, 330 and 331 and Bankruptcy Rule 2016 and other Orders of this Court.

15. The Committee believes that the employment of KRCL would be in the best interest of this estate. The Committee bases this belief, without limitation, upon the specific experience and knowledge which Mr. Coleman and his fellow directors and associates have, given their prior representation of creditors and creditor committees in other bankruptcy cases. The Committee further believes the general expertise and skill of the lawyers employed by KRCL will greatly assist the Committee in moving this case forward.

16. The Committee requests that this Court authorize the retention of KRCL as Counsel for the Committee as set forth herein pursuant to 11 U.S.C. §§ 328 and 1103(b).

E. **KRCL's Connections in the Case**

17. The foregoing Application and accompanying Declaration of Joseph M. Coleman are based upon the best information currently available to KRCL and the Committee. Should new information be learned by KRCL, this Application will accordingly be supplemented.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that this Court enter an order, substantially in the form annexed hereto, granting the Application, and prays for such other and further relief as is just and proper.

Dated: March 5, 2010

                                                By: /s/ John Elder
                                                       Chairman of the Official Committee of Unsecured Creditors for the Bankruptcy Case of Global Energy Holdings Group, Inc., et al.