**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| GLOBAL ENERGY HOLDINGS GROUP, INC., *et al.*,[1] | Case No. 09-14192 (PJW) (Jointly Administered) **Objection Deadline: November 4, 2010** **Hearing Date: November 22, 2010 @ 2:00 p.m.** |
| Debtors. | |

<u>NOTICE OF HEARING</u>

TO: COUNSEL TO THE DEBTOR, THE U.S. TRUSTEE, COUNSEL TO THE CREDITORS COMMITTEE, INTERESTED CREDITORS AND THE 2002 SERVICE LIST

PLEASE TAKE NOTICE that the Debtors have filed their *First Omnibus Substantive Objection of the Debtors to Certain (A) No Liability Claims and (B) Claims to Be Reduced* (the "Claim Objection").

If you oppose the Claim Objection or if you want the court to consider your views regarding the Application, you must file a written response with the Bankruptcy Court detailing your objection or response by **NOVEMBER 4, 2010.** You must also serve a copy of your response upon the following: Charles J. Brown, III, Esq., Archer & Greiner, P.C., 300 Delaware Avenue, Suite 1370, Wilmington, DE 19801, Telephone: 302.777.4350 / Facsimile: 704.343.4352.

**THE HEARING IS SCHEDULED FOR NOVEMBER 22, 2010 AT 2:00 P.M. IN COURTROOM NO. 2, 6TH FLOOR, UNITED STATES BANKRUPTCY COURT, 824 MARKET STREET, WILMINGTON, DELAWARE 19801.**

IF YOU DO NOT TAKE THESE STEPS BY THE DEADLINE, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF SOUGHT IN THE APPLICATION AND MAY GRANT OR OTHERWISE DISPOSE OF THE APPLICATION BEFORE THE SCHEDULED HEARING DATE.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, if applicable, are: (i) Global Energy Holdings Group, Inc. (9517); (ii) Augusta Biofuels, LLC (8446); (iii) Spring Hope Biofuels, LLC (9517); (iv) Xethanol Biofuels, LLC(5217); and (v) GES – Live Oak Hickory Ridge, LLC. The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, PO Box 724028, Atlanta, Georgia 31139.

ARCHER & GREINER, P.C.

BY:     */s/ Charles J. Brown, III*
Dated:  October 1, 2010          Charles J. Brown, III (#3368)
                                 300 Delaware Avenue, Suite 1370
                                 Wilmington, DE 19801
                                 Ph: 302-777-4350 / Fax: 302-777-4352
                                 cbrown@archerlaw.com

                                 *Counsel to the Debtor*

2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| GLOBAL ENERGY HOLDINGS GROUP, INC., *et al.*,[1] | Case No. 09-14192 (PJW) (Jointly Administered) **Objection Deadline: November 4, 2010** **Hearing Date: November 22, 2010 @ 2:00 p.m.** |
| Debtors. | |

## FIRST OMNIBUS SUBSTANTIVE OBJECTION OF THE DEBTORS TO CERTAIN (A) NO LIABILITY CLAIMS AND (B) CLAIMS TO BE REDUCED

Global Energy Holdings Group, Inc. ("Global") and its affiliated debtors, as debtors in possession (together, the "Debtors") in these jointly administered bankruptcy cases hereby submit this First Omnibus Substantive Objection to Certain (A) No Liability Claims and (B) Claims to be Reduced (the "First Omnibus Objection" or "Objection") and seek an order disallowing or reducing the claims identified herein pursuant to 11 U.S.C. § 502, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the Objection, the Debtors rely upon the Declaration of Christopher P. Earle filed herewith, and further represent as follows:

### JURISDICTION

1. This Court has jurisdiction over and authority to grant the relief requested in this contested matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core matter pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, if applicable, are: (i) Global Energy Holdings Group, Inc. (9517); (ii) Augusta Biofuels, LLC (8446); (iii) Spring Hope Biofuels, LLC (9517); (iv) Xethanol Biofuels, LLC(5217); and (v) GES – Live Oak Hickory Ridge, LLC. The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, PO Box 724028, Atlanta, Georgia 31139.

# BACKGROUND

2.      Global is a diversified renewable energy company based in Atlanta, Georgia.  It is a publicly listed corporation.  On November 25, 2009 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[2]

3.      The Debtors are operating their business and managing their financial affairs as debtors-in-possession.  A motion, pursuant to Bankruptcy Rule 1015(b), for joint administration of the Debtors' chapter 11 cases was entered by the Court on December 3, 2009 (Doc. No. 20).  An Official Committee of Unsecured Creditors (the "Creditors' Committee") was appointed on February 9, 2010.

4.      On April 22, 2010, the Court entered an order establishing certain deadlines and procedures to file proofs of claim in the above-captioned cases (the "Bar Date Order").  Pursuant to the Bar Date Order, the Court established June 15, 2010, as the general claims bar date.

5.      The Debtors have begun to review and analyze the claims filed or otherwise asserted against the Debtors' estates.  The Debtors have also compared the claims asserted in the proofs of claim with the books and records that are maintained in the ordinary course of the Debtors' business (the "Books and Records") to determine the validity of the asserted claims.  The Debtors have determined that the claims identified on the attached EXHIBITS are subject to objection on one or more substantive ground.

---

[2] In this application the terms "Bankruptcy Code," "section" or "§" shall refer to title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., unless otherwise stated.

{B1156754; 1}

## REQUEST FOR RELIEF

6.     By this Objection, the Debtors request, pursuant to § 502, Bankruptcy Rule 3007 and Local Rule 3007-1, that the Court enter an order disallowing, expunging or reclassifying the claims listed in the attached EXHIBITS.

## BASIS FOR RELIEF

7.     Section 502(a) of the Bankruptcy Code authorizes a party in interest to object to claims and provides, in relevant part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the that claim.  See 11 U.S.C. § 502(b).  A claim should be disallowed in total if that claim is unenforceable against the debtor or property of the debtor under any agreement or applicable law.  11 U.S.C. § 502(b)(1).

8.     Where a proof of claim is properly filed in accordance with the Bankruptcy Rules, it generally constitutes *prima facie* evidence of the validity and amount of the claim.  See 11 U.S.C. § 502(a); Fed R. Bankr. P. 3001(f).  However, if an objection is made to the proof of claim, the claimant has the ultimate burden of persuasion as to the validity and amount of the claim. See In re Allegheny Int'l, Inc., 954 F.2d 167, 174 (3d Cir. 1992); In re Fidelity Mortgage Holding Co., Ltd., 837 F.2d 696, 698 (5th Cir. 1988).

### A.     No Liability Claims

9.     The Debtors seek an order disallowing and expunging in their entirety the claims listed on EXHIBIT A attached hereto (the "No Liability Claims"), on the ground that the claims are not enforceable against the Debtors or their property under any agreement or applicable law. The No Liability Claims have no basis in the Debtors' Books and Records and/or were filed with

{B1156754; 1}

insufficient documentation to constitute *prima facie* evidence of the validity and amount of such claims. The Debtors have reviewed the No Liability Claims and the supporting documentation provided by each claimant, searched their Books and Records for any evidence of any amount owing on account of the No Liability Claims, and have found no record of any such amount owing by the Debtors to any of the claimants. Accordingly, the Debtors request that the No Liability Claims be disallowed and expunged.

**B.      Claims To Be Reduced And Allowed**

10.      The Debtors seek an order reducing and allowing the claims listed on EXHIBIT B attached hereto (the "Reduced Claims") on the grounds that the Debtors have reviewed their Books and Records and determined that the amount stated in each Reduced Claim has no basis in their Books and Records and/or each Reduced Claim was filed with insufficient documentation to constitute *prima facie* evidence of the amount of such claims. The Debtors have set forth what they believe to be the correct claim amount in EXHIBIT B under the heading "Modified Amount." Accordingly, the Debtors request that the Reduced Claims be allowed in the Modified Amount.

**RESPONSE TO OBJECTIONS**

11.      To contest this First Omnibus Objection, a claimant must file and serve a written response (a "Response") so that is it received no later than **4:00 p.m. (prevailing Eastern Time) on November 4, 2010** (the "Response Deadline"). Claimants should read this objection, the attached EXHIBITS and the [Proposed] First Omnibus Order. A claimant who has timely filed a written Response and wishes to oppose the First Omnibus Objection must attend or make other arrangements to participate in the hearing on the objection (the "Hearing"), which hearing is scheduled to be held at 2**:00 p.m. (prevailing Eastern Time) on November 22, 2010,** before the

Honorable Peter J. Walsh, United States Bankruptcy Judge, United States Bankruptcy Court, 824 Market Street, 6th Floor, Wilmington, Delaware 19801.

12.     Every Response should (i) be in writing; (ii) state the name and address of the responding party; (iii) comply with the Bankruptcy Rules and this Court's Local Rules; (iv) state the nature of the response and the legal basis therefore; (v) be filed with the Clerk of Court for the United States Bankruptcy Court, District of Delaware on or before the Response Deadline at: Office of the Clerk of Court, United States Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801; and (vi) be served so as to be received on or before the Response Deadline on:  (a) counsel to the Debtors, Sullivan & Worcester LLP, One Post Office Square, Boston, Massachusetts 02109 (Attn. Gayle Ehrlich, Esq.); (b) local counsel to the Debtors, Archer & Greiner, P.C., 300 Delaware Avenue, Suite 1370, Wilmington, Delaware 19801 (Attn. Charles Brown, Esq.); (c) counsel to the Creditors' Committee, Kane Russell Coleman & Logan PC, 3700 Thanksgiving Tower, 1601 Elm Street, Dallas, Texas 75201 (Attn. Joseph M. Coleman, Esq.); (d) local counsel to the Creditors' Committee, Womble Carlyle Sandridge & Rice PLLC, 222 Delaware Avenue, Suite 1501, Wilmington, Delaware 19801 (Attn. Michael G. Busenkell); (e) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn. T. Patrick Tinker, Esq.); and (f) all other parties as required by the Bankruptcy Rules and this Court's Local Rules.

13.     If a claimant fails to file and serve a timely Response, then without further notice to the claimant or a hearing, the Debtors will present to the Court an order substantially in the form of the order attached hereto.

7

## RESERVATION OF RIGHTS

14.     Nothing contained in this First Omnibus Objection shall be deemed an admission by anyone of liability on any claims against the Debtors' estates, and the Debtors do not waive any rights against any party.  The Debtors reserve all rights, including, without limitation:  (a) the right to amend, modify, or supplement this objection and to bring further and separate objections to claims, including amended claims or any other claim now or hereafter asserted; (b) the right to bring avoidance actions under applicable sections of the Bankruptcy Code or other applicable law; and (c) the right to enforce any setoff or recoupment against holder of claims. Separate notice and a hearing will be scheduled for any such objection.

## NOTICE

15.     Notice of this Motion has been provided to:  (i) the United States Trustee for the District of Delaware; (ii) the Creditors' Committee; (iii) all claimants identified on the EXHIBITS attached hereto; and (iv) those parties who have requested service of all motions and pleadings pursuant to Bankruptcy Rule 2002.  The Debtor submits that such notice is adequate and complies with Bankruptcy Rules and Local Rules.

## COMPLIANCE WITH LOCAL RULE 3007-1

16.     The Debtors, by and through the undersigned counsel, states that, to the best of its knowledge, information and belief, the Objection and related EXHIBITS comply with Local Rule 3007-1.  To the extent this First Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that such requirement be waived.

{B1156754; 1}

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein, and such other and further relief as is just and proper.

Dated:  October 1, 2010

> */s/ Charles J. Brown, III*
> Charles J. Brown III, Esq. (No. 3368)
> Archer & Greiner, P.C.
> 300 Delaware Avenue, Suite 1370
> Wilmington, DE 19801
> T:  (302) 777-4350
> F:  (302) 777-4352
> cbrown@archerlaw.com
>
> -and-
>
> Gayle Ehrlich, Esq. (*pro hac vice*)
> Christopher M. Gosselin, Esq. (*pro hac vice*)
> Sullivan & Worcester LLP
> One Post Office Square
> Boston, MA 02109
> T:  (617) 338-2800
> F:  (617) 338-2880
> gehrlich@sandw.com
> cgosselin@sandw.com
>
> ATTORNEYS FOR DEBTORS AND
> DEBTORS IN POSSESSION

{B1156754; 1}

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | ) |
|  | ) |
| GLOBAL ENERGY HOLDINGS GROUP, | ) |
| INC., *et al.*,[1] | ) |
|  | ) |
| Debtors. | ) |
|  | ) |

Chapter 11

Case No. 09-14192 (PJW)

(Jointly Administered)

**DECLARATION OF CHRISTOPHER P. EARLE IN SUPPORT OF**
**FIRST OMNIBUS SUBSTANTIVE OBJECTION OF THE DEBTORS TO CERTAIN**
**(A) NO LIABILITY CLAIMS AND (B) CLAIMS TO BE REDUCED**

I, Christopher P. Earle, hereby declare under penalty of perjury as follows:

1.      I am the Controller for Global Energy Holdings Group, Inc. ("Global").  I have held this position since November 2009.

2.      I submit this declaration in support of the First Omnibus Substantive Objection to Certain Claims (the "First Omnibus Objection" or "Objection").[2]

3.      The following facts as within my personal knowledge, except those matters stated on information and belief, which I believe to be true.  If required to do so, I could competently testify to such facts.

4.      I have responsibility for overseeing various aspects of the claims review and objection process for the Debtors in these cases.  In that capacity, I have reviewed the Debtors'

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, if applicable, are:  (i) Global Energy Holdings Group, Inc. (9517); (ii) Augusta Biofuels, LLC (8446); (iii) Spring Hope Biofuels, LLC (9517); (iv) Xethanol Biofuels, LLC (5217); and  (v) GES – Live Oak Hickory Ridge, LLC (5710).  The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, P.O. Box 724028, Atlanta, Georgia 31139.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the First Omnibus Objection.

Books and Records.  I also reviewed the First Omnibus Objection and am directly familiar with the information contained therein, as well as in the exhibits attached thereto.

5.      I reviewed and analyzed the claims subject to the Objection.  Based on this review, it was determined that certain claims, including, without limitation, the claims subject to the First Omnibus Objection, are subject to objection on one or more legal or factual grounds.

6.      The information contained in EXHIBITS A and B of the First Omnibus Objection is true and correct to the best of my knowledge and belief.

7.      To the best of my knowledge, information and belief, the No Liability Claims have no basis in the Debtors' Books and Records and were filed with insufficient documentation to constitute *prima facie* evidence of the validity and amount of such claims.

8.      To the best of my knowledge, information and belief, the amounts stated on each of the Reduced Claims has no basis in the Debtors' Books and Records and each Reduced Claim was filed with insufficient documentation to constitute *prima facie* evidence of the amount of such claims.  The Debtors have set forth what they believe to be the correct claim amount according to their Books and Records in EXHIBIT B under the heading "Modified Amount."

*[remainder of page intentionally left blank]*

{B1156754; 1}

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge. Executed this 29 day of September, 2010.

Christopher P. Earle
Controller

{B1158429; 1}

|  |  |  |
| --- | --- | --- |
|  | ) |  |
| In re | ) | Chapter 11 |
|  | ) |  |
| GLOBAL ENERGY HOLDINGS GROUP, | ) | Case No. 09-14192 (PJW) |
| INC., *et al.*,[3] | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) | **Related to Docket No.: ___** |

## ORDER GRANTING FIRST OMNIBUS SUBSTANTIVE OBJECTION OF THE DEBTORS TO CERTAIN (A) NO LIABILITY CLAIMS AND (B) CLAIMS TO BE REDUCED

This matter came to be heard on the Debtors' First Omnibus Substantive Objection to Certain (A) No Liability Claims and (B) Claims to be Reduced (the "First Omnibus Objection"); the Court having reviewed the First Omnibus Objection, the claims listed on EXHIBITS A and B attached hereto, and any responses thereto; the Court finding good and sufficient cause for granting the relief requested in the First Omnibus Objection; and after proper notice and opportunity to respond to the First Omnibus Objection; and the Court having jurisdiction to consider the First Omnibus Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the First Omnibus Objection and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court otherwise being fully advised in the premises, IT IS HEREBY:

    1.        ORDERED, that the relief sought in the First Omnibus Objection is GRANTED.

---

[3] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, if applicable, are: (i) Global Energy Holdings Group, Inc. (9517); (ii) Augusta Biofuels, LLC (8446); (iii) Spring Hope Biofuels, LLC (9517); (iv) Xethanol Biofuels, LLC (5217); and (v) GES – Live Oak Hickory Ridge, LLC (5710). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, P.O. Box 724028, Atlanta, Georgia 31139.

{B1156754; 1}

2.     ORDERED, that the No Liability Claims listed on EXHIBIT A are hereby disallowed and expunged.

3.     ORDERED, that the Reduced Claims listed on EXHIBIT B are hereby allowed in the amount listed as the "Modified Amount" on EXHIBIT B.

4.     ORDERED, that the Debtors are hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted pursuant to this Order.

5.     ORDERED, that the Debtors shall retain and hall have the right to object in the future to any of the claims listed on EXHIBITS A and B attached hereto on any additional grounds, and to amend, modify and/or supplement this First Omnibus Objection as may be necessary.

6.     ORDERED, that the Debtors objection to each Claim addressed in the First Omnibus Objection constituted a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This Order shall be deemed a separate Order with respect to each claim.  Any stay of this Order pending appeal by any of the Claimants subject to this Order shall only apply to the contested mater which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

7.     ORDERED, that this Order is without prejudice to the Debtors' right to object to any other claims or interests filed in these chapter 11 cases.

8.     ORDERED, that this Court shall retain jurisdiction over Claimants whose claims are subject to the First Omnibus Objection with respect to any matters related to or arising from the First Omnibus Objection or the implementation of this Order.

Dated: _____, 2010
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

{B1156754; 1}

**Global Energy Holdings Group, Inc.**
**Case No: 09-14192 (PJW)**

| Creditor Name | Claim Number | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| ADT Security Services Inc. | 1 | $16.00 | Debtors have found no liability owing to this claimant. |
| ADT Security Services Inc. | 2 | $1,564.15 | Debtors have found no liability owing to this claimant. |
| Carter, John T. | 43 | $875.00 | Debtors have found no liability owing to this claimant. |
| Internal Revenue Service | 4 | $1,300.00 | Debtors have found no liability owing to this claimant. |
| Perimeter Internetworking Group | 7 | $7,468.10 | Debtors have found no liability owing to this claimant. |
| Thompson, Lawrence | 27 | $1,483.50 | Debtors have found no liability owing to this claimant. |
| U.S. Department of Labor | 60 | $1,224.00 | Debtors have found no liability owing to this claimant. |
| U.S. Department of Labor | 62 | $2,302.00 | Debtors have found no liability owing to this claimant. |
| Wilson, Richard | 49 | $22,153.00 | Debtors have found no liability owing to this claimant. |

**Augusta Biofuels, LLC**
**Case No: 09-14193 (PJW)**

| Creditor Name | Claim Number | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| Internal Revenue Service | 1 | $121,634.82 | Debtors have found no liability owing to this claimant. |

1

## GES Live Oak – Hickory Ridge, LLC
## Case No: 09-14194 (PJW)

| Creditor Name | Claim Number | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| Geoplasma, LLC | 1 | $0.00 | Debtors have no liability owing to this claimant. Debtors and claimant entered into a Stipulation, approved by the Court on September 9, 2010 (Doc. No. 311), by which all parties agreed that this claim would be disallowed. |
| Georecover – Live Oak, LLC | 3 | $0.00 | Debtors have no liability owing to this claimant. Debtors and claimant entered into a Stipulation, approved by the Court on September 9, 2010 (Doc. No. 311), by which all parties agreed that this claim would be disallowed. |
| Jacoby Energy Development, Inc. | 2 | $0.00 | Debtors have no liability owing to this claimant. Debtors and claimant entered into a Stipulation, approved by the Court on September 9, 2010 (Doc. No. 311), by which all parties agreed that this claim would be disallowed. |

## Spring Hope Biofuels, LLC
## Case No: 09-14195 (PJW)

| Creditor Name | Claim Number | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| Internal Revenue Service | 1 | $0.00 | Debtors have found no liability owing to this claimant. |

{B1157223; 1}

## Xethanol Biofuels, LLC
## Case No: 09-14196 (PJW)

| Creditor Name | Claim Number | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| Internal Revenue Service | 1 | $2,300.00 | Debtors have found no liability owing to this claimant. |

3

| Claimant | Claim Number | Claim Amount | Modified Amount | Reason for Modification |
|---|---|---|---|---|
| CIT Technology Financing Services | 9 | $11,977.55 | $7,051.64 | Debtors' Books and Records reflect the Modified Amount and Claimant has not provided sufficient documentation to constitute *prima facie* evidence of its claim. |
| Dykema Gossett PLLC | 8 | $20,766.09 | $10,766.09 | Debtors' Books and Records reflect the Modified Amount. |
| Georgia Department of Revenue | 58 | $2,000.00 | $113.98 | Debtors' Books and Records reflect the Modified Amount and Claimant has not provided sufficient documentation to constitute *prima facie* evidence of its claim. |
| Klein, Gary | 24 | $87,759.97 | $60,204.08 | Debtors' Books and Records reflect the Modified Claim Amount and Claimant has not provided sufficient documentation to constitute *prima facie* evidence of its claim. |
| Lakhani, Imran | 21 | $25,500.00 | $25,462.02 | Debtors' Books and Records reflect the Modified Claim Amount and Claimant has not provided sufficient documentation to constitute *prima facie* evidence of its claim. |
| Security Forces Inc. | 23 | $35,076.91 | $28,793.66 | Debtors' Books and Records reflect the Modified Amount and Claimant has not provided sufficient documentation to constitute *prima facie* evidence of its claim. |

| | | | | |
|---|---|---|---|---|
| USA Net, Inc. | 47 | $4,607.69 | $3,237.02 | Debtors' Books and Records reflect the Modified Amount. |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GLOBAL ENERGY HOLDINGS GROUP, INC., *et al.*,[7] | Case No. 09-14192 (PJW) (Jointly Administered) |
| Debtors. | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused true and correct copies of the foregoing

document to be served via CM/ECF and/or U.S. First Class Mail upon all of those parties listed

on the attached service list.

Dated: <u>October 1, 2010</u>    <u>*/s/ Charles J. Brown, III*</u>
            Charles J. Brown, III (No. 3368)

---

[7] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, if applicable, are: (i) Global Energy Holdings Group, Inc. (9517); (ii) Augusta Biofuels, LLC (8446); (iii) Spring Hope Biofuels, LLC (9517); (iv) Xethanol Biofuels, LLC(5217); and (v) GES – Live Oak Hickory Ridge, LLC. The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, PO Box 724028, Atlanta, Georgia 31139.

{B1157229; 1}

Henry F. Sewell, Esq.
McKenna Long & Aldridge LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, GA  30318

Thomas Tinker
Office of United States Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE  19899-0035

Cynthia May Grekov
Imowitz Koenig & Co., LLP
622 Third Avenue, 33rd Floor
New York, NY  10017

Michael L. Schein
1633 Broadway, 47th Floor
New York, NY  10019

Anthony Paduano, Esq.
Leonard Weintraub, Esq.
Paduano & Weintraub LLP
1251 Avenue of the Americas, 9th Fl.
New York, NY  10020

Paul R. Jordan, Esq.
Davis Pickren & Seydel LLP
2300 Marquis Two Tower
285 Peachtree Center Ave, NE
Atlanta, GA  30303

John M. Hawkins
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA  30326

William D. Haynes
10 Chastain Reserve
4222 Rickenracker Dr.
Atlanta, GA  30342

John T. Carter
1806 Curtis Drive
North Augusta, SC  29841

Lawrence Thompson
1695 78th Street Tr
Luzerne, IA  52257

Securities & Exchange Commission
15th & Pennsylvania Avenue, NW
Washington, DC 20020

Securities & Exchange Commission
New York Regional Office
Attn:  Nathan Fuchs
233 Broadway
New York, NY  10279

Secretary of State
Division of Corporations
Franchise Tax
PO Box 7040
Dover, DE  19903

Robert L. Robbins, Esq.
Jasno S. Alloy, Esq.
RobbinsLaw LLC
999 Peachtree St., NE, Suite 1120
Atlanta, GA  30309

Karen C. Bifferato, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
PO Box 2207
Wilmington, DE  19899

Michael G. Busenkell, Esq.
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE  19801

The Legacy Group
Attn:  John Elder III
1221 Lamar St., Suite 510
Houston, TX  77010

Michael D. Langford, Esq.
Kilpatrick Stockton LLP
Sutie 2800
1100 Peachtree Street, NE
Atlanta, GA  30309-4530

Internal Revenue Service
PO Box 21126
Philadelphia, PA  19114

U.S. Department of Labor - Employee
Benefits Security Admin.
61 Forsythe Street, SW, Suite 7B54
Atlanta, GA  30303

Internal Revenue Service
31 Hopkins Plaza
Room 1150
Baltimore, MD  21201

Secretary of Treasury
PO Box 7040
Dover, DE  19903

Gerald L. Shelly, Esq.
Fennemore Craig, P.C.
3003 N. Central Avenue, Suite 2600
Phoenix, AZ  85012

William D. Sullivan, Esq.
Sullivan Hazeltine Allinson LLC
4 East 8th Street, Suite 400
Wilmington, DE  19801

Betsy Johnson Burn, Esq.
Nelson Mullins Riley & Scarborough
1320 Main Street, 17th Floor
PO Box 11070
Columbia, SC  29201

Joseph M. Coleman, Esq.
Kane Russell Coleman & Logan PC
3700 Thanksgiving Tower
1601 Elm Street
Dallas, TX  75201

Marjorie C. Redding
David G. Redding, Attorney at Law
201 S. Tryon Street, Suite 915
Charlotte, NC  28202

ADT Security Services
14200 E. Exposition Avenue
Aurora, CO  80012

Perimeter Internetworking Group
c/o Szabo Associates, Inc.
3355 Lenox Road NE 9th Floor
Atlanta, GA  30326

Richard W. Wilson
3164 Oak Crest Trail
Marietta, GA  30066

{B1157229; 1}