# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| GLOBAL ENERGY HOLDINGS GROUP, INC., *et al.*,[1] | Case No. 09-14192 (PJW) |
| Debtors. | (Jointly Administered) |
|  | RE: Docket No. *290* |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF GLOBAL ENERGY HOLDINGS GROUP, INC., AUGUSTA BIOFUELS, LLC, SPRING HOPE BIOFUELS, LLC, XETHANOL BIOFUELS, LLC, AND GES – LIVE OAK HICKORY RIDGE, LLC

Global Energy Holdings Group, Inc. ("Global"), Augusta Biofuels, LLC ("Augusta"),

Spring Hope Biofuels, LLC ("Spring Hope"), Xethanol Biofuels, LLC ("Xethanol") and GES –

Live Oak Hickory Ridge, LLC ("GES") (collectively the "Debtors"), having proposed their

Chapter 11 Plan of Reorganization of Global Energy Holdings Group, Inc., Augusta Biofuels,

LLC, Spring Hope Biofuels, LLC, Xethanol Biofuels, LLC, and GES – Live Oak Hickory Ridge,

LLC (Doc. No. 290) (the "Plan")[2] pursuant to Section 1121(a) of Title 11 of the United States

Code (the "Bankruptcy Code"); this Court having entered its Order dated August 3, 2010 (Doc.

No. 282) (the "Solicitation Procedures Order") (i) approving the Disclosure Statement Relating

to Chapter 11 Plan of Reorganization of Global Energy Holdings Group, Inc., Augusta Biofuels,

LLC, Spring Hope Biofuels, LLC, Xethanol Biofuels, LLC, and GES – Live Oak Hickory Ridge,

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, if applicable, are: (i) Global Energy Holdings Group, Inc. (9517); (ii) Augusta Biofuels, LLC (8446); (iii) Spring Hope Biofuels, LLC (9517); (iv) Xethanol Biofuels, LLC (5217); and (v) GES – Live Oak Hickory Ridge, LLC (5710). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, P.O. Box 724028, Atlanta, Georgia 31139.

[2] Unless otherwise specified, capitalized terms and phrases used herein have the meanings assigned to them in the Plan. The definitions and rules of construction set forth in Article I of the Plan shall apply to these Findings of Fact, Conclusions of Law and Order (this "Confirmation Order"). In the event of a conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

{B1187124; 5}

LLC (Doc. No. 291) (the "Disclosure Statement"), (ii) approving procedures for objecting to the

Disclosure Statement, (iii) approving procedures for objecting to the Plan, (iv) approving vote

tabulation and confirmation procedures, and (v) setting a deadline of August 20, 2010 (prevailing

Eastern Time) for voting to accept or reject the Plan; any and all objections to the Plan having

been resolved, overruled or withdrawn at or prior to the hearing to consider confirmation of the

Plan (collectively, the "Confirmation Hearing") held on October 21, 2010; this Court having

considered all evidence presented at the Confirmation Hearing, including the Declaration of

William P. Behrens in Support of Confirmation of Chapter 11 Plan of Reorganization of Global

Energy Holdings Group, Inc., Augusta Biofuels, LLC, Spring Hope Biofuels, LLC, Xethanol

Biofuels, LLC, and GES – Live Oak Hickory Ridge, LLC (the "Declaration Supporting

Confirmation"), and the Declaration of Christopher M. Gosselin Certifying Voting Procedures

and Tabulation of Ballots Regarding Vote on Chapter 11 Plan of Reorganization of Global

Energy Holdings Group, Inc., Augusta Biofuels, LLC, Spring Hope Biofuels, LLC, Xethanol

Biofuels, LLC, And GES – Live Oak Hickory Ridge, LLC (the "Voting Certification"), any

offers of proof and statements of counsel in support of and in opposition to final approval of the

confirmation of the Plan, as reflected in the record made at the Confirmation Hearing, and the

record of the proceedings in the Chapter 11 Case to date; this Court having taken judicial notice

of the papers and pleadings on file in this Chapter 11 Case, including but not limited to the

Voting Certification; and this Court finding that (i) notice of the Confirmation Hearing and the

opportunity of any party in interest to object to final confirmation of the Plan was adequate and

appropriate, and in accordance with Bankruptcy Rule 2002(b) and the Solicitation Procedures

Order, as to all parties to be affected by the Plan and the transactions contemplated thereby,

including, but not limited to, any and all nondebtor parties to Executory Contracts and Unexpired

Leases with the Debtors; and (ii) the legal and factual bases set forth in the applicable papers and at the Confirmation Hearing, and as set forth in this Confirmation Order, establish just cause for the relief granted herein; this Court hereby enters the following Findings of Fact, Conclusions of Law and Order granting confirmation of the Plan:[3]

## I. FINDINGS OF FACT.

### A. THE DEBTORS.

1. On November 25, 2009, the Debtors commenced bankruptcy cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

### B. COMPLIANCE WITH THE REQUIREMENTS OF SECTION 1129 OF THE BANKRUPTCY CODE.

#### a. The Plan Satisfies Section 1129(a)(1).

2. The Plan complies with all applicable provisions of the Bankruptcy Code, as required by Section 1129(a)(1) of the Bankruptcy Code, including Sections 1122 and 1123 of the Bankruptcy Code.

##### i. Sections 1122 and 1123(a) are Satisfied.

3. Pursuant to Sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article II of the Plan designates Classes of Claims and Equity Interests, other than Administrative Expense Claims and Priority Claims. The Plan designates two (2) Classes of Claims. The Claims placed in each Class are substantially similar to other Claims in each such Class, and such classification is therefore consistent with Section 1122 of the Bankruptcy Code. Unsecured Claims (Class 1) are separately classified from Equity Interests (Class 2). In sum, the Plan's classification scheme recognizes the differing legal and equitable rights of priority versus nonpriority Claims, and

---

[3] This Confirmation Order constitutes the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable herein by Bankruptcy Rules 7052 and 9014. Any finding of fact shall constitute a finding of fact even if it is referred to as a conclusion of law, and any conclusion of law shall constitute a conclusion of law even if it is referred to as a finding of fact.

General Unsecured Claims versus Equity Interests. These classifications are reasonable under Section 1122(a) of the Bankruptcy Code because the Claims and Equity Interests are sufficiently distinct with respect to each other and with respect to the Debtors. Furthermore, no objections relating to classification were filed.

4.       Pursuant to Sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code, Article II of the Plan specifies the treatment of all Classes of Claims and Equity Interests under the Plan. Equity Interests are unimpaired under the Plan. Pursuant to Section 1123(a)(4) of the Bankruptcy Code, Article II of the Plan also provides the same treatment for each Claim or Equity Interest within a particular Class, unless the holder of a Claim or Equity Interest has agreed to less favorable treatment of its Claim or Equity Interest. The Plan also satisfies the requirements of Section 1123(a)(5) of the Bankruptcy Code. Sections 1123(a)(6)-(8) of the Bankruptcy Code are inapplicable.

## ii.       Sections 1123(b)(1)-(6) are Satisfied.

5.       The Plan fully complies with the applicable provisions of the Bankruptcy Code, including Section 1123(b).

6.       As permitted by Section 1123(b)(1) of the Bankruptcy Code, Article II of the Plan impairs one Class of Claims under the Plan.

7.       As permitted by Section 1123(b)(2) of the Bankruptcy Code, Article V of the Plan provides for the rejection of all executory contracts and unexpired leases (if any) that exist between the Debtors and any other entity that have not previously been assumed or rejected, except those (i) assumed pursuant to the Plan, (ii) that are the subject of a pending motion filed by the Debtors in the Chapter 11 Case to assume, or assume and assign, such contracts or leases, or (iii) with respect to which the Bankruptcy Court has otherwise granted the Debtors or the

Liquidating Trustee additional time to assume or reject such contracts or leases after the Effective Date.

8.     As permitted by Section 1123(b)(3) of the Bankruptcy Code, Articles III and IV of the Plan provide for the creation of a Liquidating Trust, to which all of the Debtors' Causes of Action will be transferred or assigned, except to the extent that such Causes of Action are waived, released, compromised or settled pursuant to Article VII and other applicable provisions of the Plan.

9.     As permitted by Section 1123(b)(6) of the Bankruptcy Code, Article III of the Plan proposes a limitation of liability for the Liquidating Trustee and any professionals retained by the Liquidating Trustee, as permitted by Section 1123(a)(6).  As further permitted by Section 1123(b)(6) of the Bankruptcy Code, Article IV of the Plan proposes the substantive consolidation of the Debtors' estates into a single Estate for purposes of all actions associated with confirmation and consummation of the Plan and distributions to all Allowed Claims and Equity Interest under the Plan.

### b.     The Plan Complies with Section 1129(a)(2).

10.     As more fully set forth in the Declaration Supporting Confirmation and on the record at the Confirmation Hearing, and (among other things) for the reasons set forth in paragraph 2 of this Order, this Court finds that the Debtors have complied with all applicable provisions of the Bankruptcy Code as required by Section 1129(a)(2) of the Bankruptcy Code.

### c.     The Plan Complies with Section 1129(a)(3).

11.     The Debtors proposed the Plan in good faith and not by any means forbidden by law.  In determining that the Plan has been proposed in good faith, this Court has examined the totality of the circumstances surrounding the formulation of the Plan.  As reflected in the record of the Confirmation Hearing, this Court finds and concludes that there is a reasonable likelihood

that the Plan will maximize the value of the ultimate recoveries to all creditor groups on a fair and equitable basis consistent with the standards prescribed under the Bankruptcy Code.

### d. The Plan Complies with Section 1129(a)(4).

12.     Any payments made or to be made for services or for costs and expenses accruing prior to confirmation or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have, to the extent required by the Bankruptcy Code, been approved by, or are subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.  Without limiting the generality of the foregoing, pursuant to the Plan, either the Debtors or the Liquidating Trustee (a) shall pay each Allowed Administrative Expense in full, in Cash, (b) is empowered to seek the recovery of unauthorized post-petition transfers pursuant to Section 549 of the Bankruptcy Code, and (c) is empowered to make payments to professionals for services rendered after the Effective Date without further order of the Court.  Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(4).

### e. Section 1129(a)(5) is Inapplicable.

13.     Section 1129(a)(5) of the Bankruptcy Code is inapplicable in that the Debtors shall cease to exist on the Effective Date of the Plan and, therefore, there is no requirement to identify any individual proposed to serve, after confirmation of the Plan, as an officer or director of the Debtors nor whether any insider will be retained or employed by the Debtors after confirmation of the Plan.

### f. Section 1129(a)(6) is Inapplicable.

14.     The Debtors' businesses do not involve the establishment of rates over which any regulatory commission has or will have jurisdiction after confirmation of the Plan.  Therefore, the requirements of 11 U.S.C. § 1129(a)(6) do not apply in the Chapter 11 Case.

### g.    The Plan Complies with Section 1129(a)(7).

15.    With respect to each impaired Class of Claims against the Debtors, each holder of an impaired Claim has accepted or is deemed to have accepted the Plan or will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtors were liquidated on the Effective Date under Chapter 7 of the Bankruptcy Code.  Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(7) and the "best interests" test described therein.

### h.    Section 1129(a)(8).

16.    Class 1 was entitled to vote to accept or reject the Plan.  Class 2 is deemed unimpaired and is deemed to have accepted the Plan.  The one impaired Class of Claims having accepted the Plan, the requirements of Section 1129(a)(8) have been met.  Therefore, application of Section 1129(b) of the Bankruptcy Code is unnecessary.  In any event, the Plan is confirmable because, as described below, the Plan satisfies the "cramdown" requirements of Section 1129(b) of the Bankruptcy Code with respect to such Classes.

### i.    The Plan Complies with Section 1129(a)(9).

17.    The Plan provides for treatment of Allowed Administrative Expense Claims, and Priority Claims, subject to certain bar date provisions, in the manner required by Section 1129(a)(9) of the Bankruptcy Code.   Moreover, pursuant to this Order, notwithstanding any contrary provision contained in the Plan or the Disclosure Statement, the holder of an Allowed Priority Claim shall receive interest to the fullest extent contemplated by 11 U.S.C. § 511.  Therefore, as implemented by the provisions of this Order, the Plan complies with the requirements of Section 1129(a)(9).

### j.    Section 1129(a)(10) is Satisfied.

18.     As indicated in the Voting Certification and as reflected in the record of the Confirmation Hearing, impaired Class 1 voted to accept the Plan, without including the acceptance by any insider.  Thus, the Plan complies with the requirements of Section 1129(a)(10).

### k.     The Plan Complies with Section 1129(a)(11).

19.     The Plan complies with Section 1129(a)(11).  The Plan explicitly provides for the sale of the Property and the vesting of the Estate's assets in the Liquidating Trust.  Pursuant to Article III of the Plan, a Liquidating Trust will be established, and a Liquidating Trustee appointed who will be responsible for making payment in respect of the Allowed Administrative Expense Claims, Allowed Priority Claims, Allowed General Unsecured Claims and Allowed Equity Interests.  As set forth in Article III of the Plan, the Liquidating Trust will be funded by (i) a contribution of the proceeds of the sale of the Property; (ii) transfer of the Debtors' Remaining Assets; and (iii) an assignment or transfer by the Debtors of the Causes of Action to the extent that such Causes of Action are not expressly waived, released, compromised or settled under the Plan.  The Plan therefore provides assets and funding for the distributions required under the Plan.  The Liquidating Trustee is able to implement the Plan without the need for further reorganization proceedings; thus, Section 1129(a)(11) of the Bankruptcy Code is satisfied.

### l.     The Plan Complies with Section 1129(a)(12).

20.     Pursuant to Article IX.A of the Plan, all quarterly fees due and payable to the Office of the United States Trustee pursuant to Section 1930(a)(6) of Title 28 of the United States Code shall be paid by the Debtors in full on or before the Effective Date, as required by Section 1129(a)(12) of the Bankruptcy Code.  The Liquidating Trustee will be responsible for compliance with applicable reporting requirements of the Office of the United States Trustee and

timely payment of quarterly fees due and payable after the Effective Date and until the Chapter 11 Case is closed, to the extent required by Section 1930(a)(6) of Title 28 of the United States Code. Accordingly, Section 1129(a)(12) of the Bankruptcy Code is satisfied.

        **m.**     **Section 1129(a)(13) is Inapplicable.**

21.     The Debtors have no retiree benefits, as defined in Section 1114 of the Bankruptcy Code. As a result, Section 1129(a)(13) is inapplicable in the Chapter 11 Case.

        **n.**     **Section 1129(a)(14) is Inapplicable.**

22.     None of the Debtors are required by a judicial or administrative order, or by statute, to pay a domestic support obligation. As a result, Section 1129(a)(14) is inapplicable in the Chapter 11 Case.

        **o.**     **Section 1129(a)(15) is Inapplicable.**

23.     None of the Debtors are individuals. As a result, Section 1129(a)(15) is inapplicable in the Chapter 11 Case.

        **p.**     **Section 1129(a)(16) is Inapplicable.**

24.     None of the Debtors qualify as "a corporation or trust that is not a moneyed, business, or commercial corporation or trust." As a result, Section 1129(a)(16) is inapplicable in the Chapter 11 Case.

        **q.**     **Cramdown Under Section 1129(b).**

25.     Pursuant to Section 1129(b)(1) of the Bankruptcy Code, the Plan may be confirmed despite the rejection or deemed rejection of the Plan by certain impaired Classes. First, Class 1 has approved the Plan and is the only class eligible to vote. Second, all of the applicable requirements of Section 1129(a) of the Bankruptcy Code have been met. Based upon the evidence proffered, adduced or presented at the Confirmation Hearing, the Plan (i) is fair and equitable with respect to each nonaccepting Classes because no Equity Interests junior to the

Equity Interests in Class 2 will receive or retain any property under the Plan on account of such junior Equity Interests; and (ii) does not discriminate unfairly against the holders of Equity Interests in Class 2.

### r.    No Avoidance of Taxes or Securities Laws -- Section 1129(d).

26.    The primary purpose of the Plan is not the avoidance of taxes or the avoidance of the requirements of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).  There has been no request by a governmental unit that is a party-in-interest in the Chapter 11 Case to make a finding that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of securities laws.

### s.    Section 1129(e) is Inapplicable.

27.    The Chapter 11 Case is not a small business case, and therefore Section 1129(e) is inapplicable in the Chapter 11 Case.

### C.    SOLICITATION PROCEDURES.

28.    The Debtors have complied with the Solicitation Procedures Order in all material respects, including without limitation the voting procedures set forth in the Solicitation Procedures Order, and have provided adequate and sufficient notice to all parties of and opportunity to object to the Disclosure Statement and the Plan.

### D.    SUBSTANTIVE CONSOLIDATION.

29.    No creditor of the Debtors will be unduly prejudiced by the substantive consolidation of the Debtors for purposes of the Plan; substantive consolidation is necessary and will benefit the Debtors.  Specifically, the Court finds substantive consolidation of the Debtors under the Plan necessary and appropriate based on, among other things, the following:

- There is a unity of interest and ownership and a substantial identity among the Debtors.  Among other things, the Debtors share common management and operated largely as one unified entity.

- Any attempt to reconcile the intercompany accounts to effectuate a distribution to creditors on an unconsolidated basis would be virtually impossible and prohibitively expensive given the manner in which the Debtors' funds were commingled pre-petition. Such reconciliation would likely produce inaccurate and conflicting results.

- No creditor has alleged that it has relied upon the separate credit of one of the Debtors and that it would be prejudiced by substantive consolidation in light of that reliance.

30.     Substantive consolidation is consistent with the creditors' expectations and the benefits to creditors of the Estate that would result from substantive consolidation outweigh heavily the harm (if any) to any creditor.

## II.     CONCLUSIONS OF LAW.

### A.     JURISDICTION AND VENUE.

31.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). Each of the Debtors was and is qualified to be a debtor under Section 109 of the Bankruptcy Code. Venue of the Chapter 11 Case in the United States Bankruptcy Court for the District of Delaware was proper as of the Petition Date, pursuant to 28 U.S.C. § 1408, and continues to be proper.

### B.     EXEMPTION FROM SECURITIES LAWS.

32.     Pursuant to Section 1125(e) of the Bankruptcy Code, the Debtors' transmittal of solicitation materials and their solicitation of acceptances of the Plan are not, and will not be, governed by or subject to any otherwise applicable law, rule or regulation governing the solicitation of acceptance of a Chapter 11 plan or the offer, issuance, sale or purchase of securities.

### C.     EXEMPTION FROM TAXATION.

33.     Pursuant to Section 1146(a) of the Bankruptcy Code, the Debtors may not be taxed under any law imposing a stamp tax or similar tax for the issuance, transfer or exchange of

a security, or the making or delivery of an instrument of transfer under a plan confirmed under Section 1129 of this title. To the extent that the Debtors consummate the sale of any real property following confirmation of the Plan, such sale is being done under a plan confirmed under 11 U.S.C. § 1129, therefore, the Plan, and the sale of the real property is exempt from any stamp tax or similar tax for the issuance, transfer or exchange of a security, or the making or delivery of an instrument of transfer.

**D.  COMPLIANCE WITH SECTIONS 1125 AND 1129 OF THE BANKRUPTCY CODE.**

34.  As set forth in Sections I.B and I.C above, the Plan complies in all respects with the applicable requirements of Sections 1125 and 1129 of the Bankruptcy Code.

**E.  APPROVAL OF THE RELEASES PROVIDED UNDER THE PLAN AND CERTAIN OTHER MATTERS.**

35.  The release provisions, exculpation provisions, injunction provisions and limitation and liability contained in Article VII and Article IX of the Plan and as provided herein are hereby approved and shall be immediately effective on the Effective Date of the Plan without further act or order.

**F.  REJECTIONS OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**

36.  Effective upon the Effective Date, all executory contracts and unexpired leases that exist between the Debtors and any other entity that have not previously been assumed or rejected, shall be rejected except those (i) assumed pursuant to the Plan, (ii) that are the subject of a pending motion filed by the Debtors in the Chapter 11 Case to assume, or assume and assign, such contracts or leases, or (iii) with respect to which the Bankruptcy Court has otherwise granted the Debtors or the Liquidating Trustee additional time to assume or reject such contracts or leases after the Effective Date. To the extent that a matter that provides the Debtors with a

property right does not constitute an executory contract or unexpired lease, rejection shall not constitute an abandonment by the Debtors or the Liquidating Trustee of such property right. Entry of this Confirmation Order shall constitute approval of the rejections under the Plan pursuant to Section 365(a) of the Bankruptcy Code. The Debtors' decision regarding the assumption and rejection of executory contracts and unexpired leases (if any) is based on and within the sound business judgment of the Debtors, and is in the best interests of the Debtors, the Estate, and their creditors and Equity Interest holders.

## III. ORDER.

**ACCORDINGLY, THE COURT HEREBY ORDERS THAT:**

### A.   CONFIRMATION OF THE PLAN.

37.     For the reasons stated herein and on the record at the Confirmation Hearing, the Plan is confirmed pursuant to Section 1129 of the Bankruptcy Code. Any Objections and other responses to the Plan, other than those withdrawn with prejudice in their entirety prior to, or on the record at, the Confirmation Hearing have either been resolved or are hereby overruled.

### B.   EFFECT OF CONFIRMATION.

38.     Notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Plan and this Confirmation Order are deemed binding upon all Persons including the Debtors, any and all holders of Claims or Equity Interests (irrespective of whether such Claims or Equity Interests are impaired under the Plan or whether the holders of such Claims or Equity Interests accepted, rejected or are deemed to have accepted or rejected the Plan), any and all nondebtor parties to Executory Contracts and Unexpired Leases with the Debtors and any and all entities who are parties to or are subject to the releases, waivers, discharges and injunctions under the Plan and their irrespective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

## C.    CLAIMS BAR DATES AND OTHER CLAIMS MATTERS.

### a.    Bar Date for Administrative Expense Claims.

39.    All applications for reimbursement of expenses incurred before the Effective Date, all requests for compensation by any Person for making a substantial contribution to these Chapter 11 Cases, and all other requests or claims for payment of Administrative Expense Claims incurred before the Effective Date under Section 507(a)(1) or 507(b) of the Bankruptcy Code, other than for Professional Fees and Expenses, shall be filed with the Bankruptcy Court on or before the Administrative Expense Claims Bar Date, which is thirty (30) days after the Effective Date.  Any request for payment of an Administrative Expense Claim that is subject to the Administrative Expense Claims Bar Date and that is not filed and served on or before the Administrative Expense Claims Bar Date shall be forever barred; any party that seeks payment of an Administrative Expense Claim that (i) is required to file a request for payment of such Administrative Expense Claims and (ii) does not file and serve such a request by the deadline established herein shall be forever barred from asserting such Administrative Expense Claims against the Liquidating Trust, the Liquidating Trustee, the Debtors, the Estate or any of their respective properties.

### b.    Bar Date for Professional Fees.

40.    All applications for final compensation and reimbursement of Professional Fees and Expenses incurred before the Confirmation Date shall be filed and served on or before fourteen (14) days following the Confirmation Date.  Any such application shall also include fees and expenses incurred on or after the Confirmation Date in preparing the application, to the extent requested by the applicant.

### c.    Bar Date for Rejection Damages Claims and Related Procedures.

41.     In accordance with the Plan, all Allowed General Unsecured Claims arising from the rejection of executory contracts or unexpired leases, whether under the Plan or by separate proceeding, shall be treated as Claims in Class 1 under the Plan. All Claims arising from the rejection of executory contracts or unexpired leases under the Plan must be filed with the Bankruptcy Court and served on the Liquidating Trustee and counsel to the Liquidating Trustee on or before thirty (30) days after the Effective Date, which notice shall be delivered and deemed effective notice by mail to the respective party's address on the lease or contract or to such other address delivered by such party in writing to the Debtors or the Liquidating Trustee (if such notice is made after the Effective Date). The Liquidating Trustee shall have sixty (60) days from the deadline for filing rejection claims to object to any proof of claim filed hereunder, or such additional time as the Court orders. Any such Claims that are not filed and served within such time shall be forever barred from assertion against the Liquidating Trust, the Liquidating Trustee, the Debtors, the Estate or any of their respective properties, and shall not share in any Distributions under the Plan.

42.     Notwithstanding anything in any other order of this Court to the contrary, if the rejection of an Executory Contract or Unexpired Lease pursuant to Article V of the Plan gives rise to a Claim by the other party or parties to the Executory Contract such Claim shall be forever barred and shall not be enforceable against the Liquidating Trust, unless a proof of Claim is filed in accordance with the Plan and this Confirmation Order.

### D.     MATTERS RELATING TO IMPLEMENTATION OF THE PLAN.

#### a.     Substantive Consolidation of the Estate; Elimination of Intercompany Claims.

43.     On the Confirmation Date, but subject to the occurrence of the Effective Date, solely for purposes of distribution under the Plan, (i) all Intercompany Claims, for purposes of

determining distributions from the Debtors' Estate as provided in the Plan, shall be eliminated, (ii) any obligation of a Debtor and all guarantees thereof by the other Debtor or any joint or joint and several liability of either of the Debtors with one another shall be deemed to be one obligation of the Debtors and shall be deemed a single Claim against and a single obligation of the Debtors, and (iii) all duplicative Claims identical in amount and subject matter filed against more that one Debtor shall be automatically expunged so that only one Claim survives against the consolidated Debtors.

44.     On the Effective Date, and in accordance with the terms of the Plan and the substantive consolidation of the assets and liabilities of the Debtors, all Claims based upon guarantees of collection, payment or performance made by the Debtors as to the obligations of another Debtor shall be disallowed, expunged and of no further force and effect.

45.     Notwithstanding the foregoing, the substantive consolidation of the assets and liabilities of the Debtors shall not result in any actual transfer or merger of such assets and liabilities for any purpose (including, without limitation, for tax purposes and state law purposes) other than the administration of the Chapter 11 Case and the determination of the rights of holders of Claims and Equity Interests under the Plan and the making of Plan Distributions.

> **b.     Sale of the Property.**

46.     With respect to any Personal Property having a value of $25,000 or less, without further Order of the Court, before or after the Effective Date of the Plan, the Debtors or the Liquidating Trustee (as the case may be) (i) may sell such Personal Property or (ii) may abandon such Personal Property if, in the Debtors' or the Liquidating Trustee's business judgment, they may determine that such Personal Property is burdensome to the Estate or of inconsequential value and benefit to the Estate. All sales pursuant to this Order shall be free and clear of liens, Claims, encumbrances and interests, which shall be discharged pursuant to the Plan, but subject

to and with the benefit of any easements and restrictions of record insofar as the same are in force and applicable as of the date of this Order.

### c. Dissolution of Debtors.

47. The Debtors shall be dissolved on the Effective Date without any requirement of further action by the Debtors, their members or managers, or the Liquidating Trustee.

### d. Creation of Liquidating Trust.

48. On the Effective Date, (b) the Liquidating Trust shall be established pursuant to the terms of the Liquidating Trust Agreement previously filed with the Court as Exhibit A to the Plan. The appointment of Robert Franklin as Liquidating Trustee is hereby approved.

### e. Vesting of Assets.

49. As of the Effective Date, except as otherwise set forth in the Plan, the Property of the Estate of the Debtors shall vest in the Liquidating Trust free and clear of all Liens, Claims, encumbrances and interests of creditors and holders of Equity Interests, but not free and clear of easements of record. As of the Effective Date, all Avoidance Power Causes of Action and Debtor Causes of Action shall be transferred and assigned (to the extent that such Causes of Action are not expressly waived, released, compromised and settled under the Plan) and shall be deemed to have been transferred and assigned to the Liquidating Trust free and clear of all Liens, Claims, encumbrances and other interests of creditors and holders of Equity Interests, except as otherwise provided in the Plan and this Confirmation Order and not free and clear of easements of record.

### f. Implementation of Bankruptcy Code Section 1146(a).

50. Any transfers or other transactions that occur pursuant to or in connection with the Plan or this Confirmation Order, whether of real property or personal property and any sale of personalty of the Debtors, are sales under a plan confirmed under 11 U.S.C. § 1129, and

accordingly may not be taxed under any federal, State, or local law imposing a stamp tax, real estate transfer tax, recording tax, or similar tax.

      **g.**    **Approval of Executory Contract and Unexpired Lease Provisions and Related Procedures.**

51.    The Executory Contract and Unexpired Lease provisions of Article V of the Plan are specifically approved. This Confirmation Order shall constitute an order of the Court approving the assumptions and rejections described in Article V of the Plan, pursuant to Section 365 of the Bankruptcy Code.

      **h.**    **Timing of Distributions.**

52.    On the later of (i) ten Business Days following the receipt of sufficient cash into the Liquidating Trust to pay all Allowed Administrative Expense Claims and (ii) ten Business Days following the date after any Disputed Administrative Expense Claim becomes an Allowed Administrative Expense Claim, the Liquidating Trustee shall cause each holder of an Allowed Administrative Expense Claim to be paid in full in Cash; provided that Professional Fees and Expenses shall be paid in such amounts and on such terms as may be determined by the Bankruptcy Court.

53.    On the later of (i) ten Business Days following the receipt of sufficient cash into the Liquidating Trust to pay all Allowed Priority Claims and (ii) ten Business Days following the date after any Disputed Priority Claim becomes an Allowed Priority Claim, the Liquidating Trustee shall cause each holder of an Allowed Priority Claim to be paid in full in Cash; provided that, notwithstanding any contrary provision contained in the Plan or the Disclosure Statement, the holder of an Allowed Priority Claim shall in any event receive interest to the fullest extent contemplated by 11 U.S.C. § 511.

54.     On the later of (i) the Initial Distribution Date and (ii) the next Subsequent

Distribution Date after a Disputed Class 1 Claim becomes an Allowed Claim, the Liquidating

Trustee shall cause each holder of an Allowed Class 1 Claim to receive in Cash, an amount equal

to the then available Class 1 Distribution Amount, which in no event shall include any amounts

in or on account of the Distribution Reserve.  Notwithstanding anything to the contrary in the

Plan or Disclosure Statement, nothing shall prevent the Liquidating Trustee from making a

distribution on account of an Allowed Administrative Expense Claim or Allowed Claim prior to

the deadline for making such distribution.  The Liquidating Trustee shall be entitled, in the

exercise of his or her reasonable business judgment, to make a partial distribution of the Class 1

Distribution Amount to holders of Allowed Class 1 Claims on the Initial Distribution Date or on

any Subsequent Distribution Date, so long as sufficient assets are retained in the Liquidating

Trust to pay any then Disputed Administrative Expense Claims or Disputed Claims as if such

claims were Allowed in full.  Any rights of any Person to a Distribution is subject in all events to

any rights of setoff or recoupment that may be asserted by or on behalf of the Liquidating Trust,

including on account of any Cause of Action or on account of sections 502(d), 510 or 549 of the

Bankruptcy Code.

**E.      DISCHARGE AND INJUNCTION.**

      **a.      Discharge.**

55.     Except as otherwise expressly provided in Section 1141 of the Bankruptcy Code,

the Plan, or the proviso below, the Distributions made pursuant to and in accordance with the

applicable terms and conditions of the Plan are in full and final satisfaction, settlement, release,

and discharge as against (i) the Debtor, the Liquidating Trust, the Liquidating Trustee and the

Debtor Releasees generally, of any debt of the Debtors that arose before the Effective Date, any

debt of the Debtors of a kind specified in Section 502(g), 502(h), or 502(i) of the Bankruptcy

Code, and all Claims against the Debtors of any nature, including, without limitation, any interest accrued thereon from and after the Petition Date, whether or not (i) a proof of Claim based on such debt, obligation, or equity interest is filed or deemed filed under Section 501 of the Bankruptcy Code, (ii) such Claim is an Allowed Claim under Section 502 of the Bankruptcy Code, or (iii) the holder of such Claim has accepted the Plan; provided, however, that for the avoidance of doubt, and notwithstanding anything to the contrary herein and in the Plan, nothing contained in the Plan shall be deemed to be a waiver, release, acquittal or discharge of (x) any obligations that any Person has under the Plan, (y) any right that the Liquidating Trustee has to object to Claims or Administrative Expense Claims, or to recover, set off, recoup, defend, or seek subordination on account of any Avoidance Power Causes of Action or Debtor Causes of Action, or (z) the independent liability of any third party under any guaranty.

### b.     Injunction.

56.     Except to the extent expressly permitted under the Plan, as of the Effective Date, all Persons are hereby permanently enjoined from commencing or continuing, in any manner or in any place, any action or other proceeding, whether directly, indirectly, derivatively, or otherwise against the Debtor Releasees on account of, or respecting any Claims, Administrative Expense Claims, debts, rights, causes of action, liabilities, or interests discharged pursuant to the Plan.

### c.     Cancellation and Release of Existing Indebtedness and Liens.

57.     Except as may otherwise be provided in the Plan, on the Effective Date, all credit agreements, promissory notes, mortgages, security agreements, invoices, contracts, agreements, and any other documents or instruments evidencing Claims against the Debtors, together with any and all Liens securing same, shall be, and hereby are, cancelled, discharged, and released without further act or action by any Person under any applicable agreement, law, regulation,

order, or rule, and the obligations of the Debtors thereunder shall be deemed cancelled, discharged, and released. To the extent deemed necessary or advisable by the Debtors or the Liquidating Trustee (as applicable), any holder of a Claim is hereby ordered promptly to provide the Debtors or the Liquidating Trustee with an appropriate instrument of cancellation, discharge, or release, as the case may be, in suitable form for recording wherever necessary to evidence such cancellation, discharge, or release, including the cancellation, discharge, or release of any Lien securing such Claim.

### d. Setoffs and Recoupments.

58. Except as otherwise provided in the Plan, nothing contained in the Plan shall constitute a waiver or release by the Debtors, the Liquidating Trust or the Liquidating Trustee of any rights of setoff or recoupment that the Debtors, the Liquidating Trust or the Liquidating Trustee may have against any Person.

### e. Release.

59. Upon and subject to receipt by the holder of an Allowed Class 1 Claim or an Allowed Class 2 Claim of payment in full of its Allowed Claim pursuant to the Plan, such holder shall be deemed to have irrevocably and unconditionally waived, released, acquitted and forever discharged the Debtor Releases from any and all actions, causes of action, Claims, suits, accounts, covenants, contracts, debts, demands, agreements, damages, liabilities, or obligations whatsoever of every name and nature, or on any other basis, known or unknown, suspected or unsuspected, that such holder now has or may have from the beginning of time until the Effective Date arising out of, relating to or concerning the Debtors, the Estate, the Chapter 11 Case or the Plan.

### f. Limitation of Liability

60.     Without prejudice to the Liquidating Trustee's rights to object to any and all Claims and Administrative Expense Claims, neither the Liquidating Trust, the Liquidating Trustee, the Debtors, nor any of their respective employees, officers, or directors employed as of the Confirmation Date, agents, representatives, affiliates, shareholders and members, in their capacity as such, nor any attorneys, advisors or other professional persons employed by any of the foregoing during the pendency of the Chapter 11 Case, shall have or incur any liability to any person or entity for any act taken or omission made in good faith in connection with, or relating to, the Chapter 11 Case, or to negotiating, formulating, implementing, confirming, or consummating the Plan, the Disclosure Statement, or any contract instrument, security, release, or other agreement, instrument, or document created in connection with the foregoing, except for willful misconduct or gross negligence.

## F.     HALTING OF TRADING OF EQUITY INTEREST; FREEZING OF HOLDINGS

61.     Following the Effective Date, no person shall offer, pledge, sell, contract to sell, sell any option or contract to purchase, purchase any option or contract to sell, grant any option, right or warrant for the sale of, or otherwise dispose of or transfer any shares of Global's common stock or any securities convertible into or exchangeable or exercisable for common stock whether now owned or hereafter acquired or with respect to which such person has or hereafter acquires the power of disposition, or enter into any swap or any other agreement or any transaction that transfers, in whole or in part, directly or indirectly, the economic consequence of ownership of Global common stock, whether any such swap or transaction is to be settled by delivery of common stock or other securities, in cash or otherwise.  Any such action taken after the Effective Date shall be deemed void ab initio and shall have no force or effect.

62.     In order to give effect to the foregoing, the Debtors' transfer agent and registrar American Stock Transfer & Trust Company, LLC, the Depository Trust Company ("DTC"), the Financial Regulatory Authority and any other organization or authority handling settlements of transfers or other actions involving Global's securities shall take all necessary steps so that immediately following the Effective Date, none of the actions in the foregoing paragraph shall be permitted. These steps shall include but not be limited to instituting stop transfer restrictions, treating Global's common stock as "payable upon surrender" immediately following the Effective Date and such other measures as are commercially reasonable to prevent such actions.

63.     Payments of the Distribution shall be made on a pro rata basis only to holders of record of Global's common stock as of the close of business on the Effective Date of this Plan; beneficial owners of Global's securities shall have no right to any direct payments from the Debtors but may seek any payments to which they believe they may be entitled from participants in the DTC system, its nominee, Cede & Co., or such other third parties through which they may hold their securities. The Debtors shall not be responsible for any allocations among beneficial owners of Global's common stock other than to the extent, and only to the extent, they appear as record holders on the books and records of the Global's transfer agent and registrar.

### G.     NOTICE OF ENTRY OF CONFIRMATION ORDER.

64.     In accordance with Bankruptcy Rules 2002 and 3020(c), on or before the Effective Date, the Debtors (or their agents) shall give notice of the entry of this Confirmation Order, in substantially the form of Exhibit A hereto (the "Notice to Creditors and Others of Confirmation"), by United States first class mail postage prepaid, by hand, by overnight courier service or by electronic transmission to: (i) the United States Trustee; (ii) each department, agency, or instrumentality of the United States that asserts a non-tax claim against the Debtors; (iii) entities that requested notices under Bankruptcy Rule 2002; (iv) all creditors who have filed

proofs of Claim in the Chapter 11 Case or who are scheduled in the Debtors' Schedules, or any amendment or modification thereto; and (v) such other persons as they deem appropriate. Recordation of the Notice to Creditors and Others of Confirmation shall be effective to give notice to all parties in interest of the entry of this Order and the discharge of liens, claims, encumbrances and interests in and to the Property pursuant to the Sale Transaction.

65.     In accordance with Bankruptcy Rule 3020(c), on or before the Effective Date, the Debtors (or their agents) shall give notice of the entry of this Confirmation Order, in substantially the form of Exhibit B hereto by United States first class mail postage prepaid, by hand, by overnight courier service or by electronic transmission to all known equity holders of Global and such other persons as they deem appropriate.

66.     Mailing of the notices in the time and manner set forth in the preceding paragraphs is adequate and satisfies the requirements of Bankruptcy Rules 2002 and 3020(c), and no further notice is necessary.

### H.     RETENTION OF JURISDICTION.

67.     Following the Confirmation Date, and further following the Effective Date, this Court shall retain jurisdiction of all matters arising out of, or related to, the Chapter 11 Case and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

- to hear and determine motions, if any, for the assumption, assumption and assignment, or rejection of executory contracts or unexpired leases, that are pending as of the Effective Date, and the allowance, estimation, or disallowance of Claims resulting therefrom;

- to determine any and all adversary proceedings, applications, motions, and contested matters arising in or related to the Chapter 11 Case, including, but not limited to, Causes of Action (if and to the extent that such Causes of Action have not been waived, released, compromised, settled or abandoned under the Plan);

- to hear and determine any dispute that may arise from or in connection with the Plan;

- to ensure that Distributions to holders of Allowed Administrative Expense Claims and Allowed Claims are accomplished as provided herein;

- to hear and determine any objections to Administrative Expense Claims, to proofs of Claim, and to proofs of Interest filed both before and after the Confirmation Date, and to allow, estimate, or disallow any Disputed Administrative Expense Claim or Disputed Claim, in whole or in part;

- to enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

- to enforce the Plan and issue orders in aid of execution of the Plan and to issue injunctions or take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or its execution or implementation by any entity;

- to consider any modifications of the Plan, to cure any defect or omission, or to reconcile any inconsistency in the Plan or any order of the Bankruptcy Court, including, without limitation the Confirmation Order;

- to hear and determine all applications for compensation and reimbursement of expenses of professionals under sections 330, 331, and 503(b) of the Bankruptcy Code, and to resolve any disputes regarding payment for professional services incurred after the Effective Date for purposes of implementing the Plan or administering the Chapter 11 Case;

- to hear and determine any disputes arising in connection with the interpretation, implementation, execution, or enforcement of the Plan, the Confirmation Order, any other order of the Bankruptcy Court;

- to recover all assets of the Debtors and property of the Estate, wherever located;

- to hear and determine any matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

- to establish a Class 2 Claims bar date together with procedures for the consideration of such Claims with regard to the filing of such proof of Equity Interest, and rule on any objections to such claims;

- to hear and determine any matters or disputes regarding the administration of the Liquidating Trust;

- to hear any other matter not inconsistent with the Bankruptcy Code; and

- to enter a final decree closing the Chapter 11 Case.

## I. PRESERVATION OF RIGHTS AND DEFENSES.

68.     Except to the extent such rights, Claims, Causes of Action, defenses, and counterclaims are expressly and specifically waived, released, transferred or assigned under or in connection with the Plan or in any settlement agreement approved during the Chapter 11 Case, (i) any and all rights, Claims, Causes of Action, defenses, and counterclaims accruing to the Debtors or the Estate shall remain assets of and vest in the Liquidating Trust, whether or not litigation relating thereto is pending on the Effective Date and whether or not any such rights, Claims, Causes of Action, defenses, and counterclaims have been listed in the Schedules or otherwise listed or referred to in the Plan, the Disclosure Statement, or any other document filed with the Bankruptcy Court, and (ii) neither the Debtors nor the Liquidating Trustee waive, relinquish, or abandon (nor shall they be estopped or otherwise precluded from asserting) any right, Claim, Cause of Action, defense, or counterclaim that constitutes property of the Estate, (a) whether or not such right, Claim, Cause of Action, defense or counterclaim has been listed or referred to in the Schedules, the Plan, the Disclosure Statement, or any other document filed with the Bankruptcy Court, (b) whether or not such right, Claim, Cause of Action, defense, or counterclaim is currently known to the Debtors, and (c) whether or not a defendant in any litigation relating to such right, Claim, Cause of Action, defense, or counterclaim filed a proof of claim in the Chapter 11 Case, filed a notice of appearance or any other pleading or notice in the Chapter 11 Case, voted for or against the Plan, or received or retained any consideration under the Plan. Without in any manner limiting the scope of the foregoing, notwithstanding any otherwise applicable principle of law or equity, including, without limitation, any principles of judicial estoppel, res judicata, collateral estoppel, issue preclusion, or any similar doctrine, the

failure to list, disclose, describe, identify, or refer to a right, Claim, Cause of Action, defense, or counterclaim, or potential right, Claim, Cause of Action, defense, or counterclaim in the Schedules, the Plan, the Disclosure Statement, or any other document filed with the Bankruptcy Court, shall in no manner waive, eliminate, modify, release, or alter the Liquidating Trustee's right to commence, prosecute, defend against, settle, and realize upon any rights, Claims, Causes of Action, defenses, or counterclaims that either the Debtors or the Liquidating Trust have or may have as of the Confirmation Date. Except as otherwise set forth in the Plan, the Liquidating Trustee may commence, prosecute, defend against, recover on account of, and settle all rights, Claim, Causes of Action, defenses, and counterclaims in its sole discretion in accordance with what is in the best interests, and for the benefit, of the Liquidating Trust.

**J.    ADDITIONAL PROVISIONS.**

69.    The following modifications are made to the Plan: (i) the last line of Article II A shall read Equity Interests – Unimpaired – not entitled to vote; (ii) the sixth line of Article II D 3(b) the phrase "%___to" is deleted; (iii) Article III G 1 shall be deemed to allow the United States Trustee for the District of Delaware or parties in interest to review, oppose or otherwise be heard in regard to administrative claims, professional fee claim or claims for substantial contribution for periods prior to the Effective Date; (iv) the second line of Article III D 7 insert the phrase "an" before the phrase "(the "Escrow Agent)"; and (v) the last sentence of Article III G 1 is deleted and the following sentence is inserted: "If after payment in full of all Class 1 Claims in the Liquidating Trustee's reasonable opinion the Liquidating Trust holds Property of significant value to allow for a distribution to holders of Class 2 Claims, then the Liquidating Trustee shall file a motion with the Bankruptcy Court requesting such relief and guidance as he may deem appropriate with notice to holders of Equity Interest as may be reasonably possible.

70.     Notwithstanding any provision to the contrary in the Plan, the Order confirming the Plan, and any implementing Plan documents (collectively, "Documents"), nothing shall: (1) affect the ability of the Internal Revenue Service ("IRS") to pursue any non-debtors to the extent allowed by non-bankruptcy law for any liabilities that may be related to any federal tax liabilities owed by the Debtors; (2) affect the rights of the IRS to assert setoff and recoupment and such rights are expressly preserved; (3) discharge any IRS claims described in 11 U.S.C. Section 1141(d)(6); (4) cause the automatic disallowance of any IRS penalty claim and such claim shall be paid according to its status as determined by the Bankruptcy Code and other applicable law; and (5) require the IRS to file an administrative expense claim to the extent the IRS is exempt from doing so pursuant to Section 503(b)(1)(D). To the extent any of the allowed IRS Priority Tax Claims are not paid in full in cash on the Effective Date, such allowed IRS Priority Tax Claims shall accrue interest at the rate and method set forth in 26 U.S.C. Sections 6621 and 6622. Moreover, the Debtors agree that they will file or cause to be filed all required federal tax returns on behalf of the Debtors and the Liquidating Trustee will timely file all federal tax returns on behalf of the Liquidating Trust. The IRS will not be bound by any characterizations, for tax purposes, of any transaction as set forth in the Documents. The IRS shall not be bound by any characterizations, for tax purposes, of any valuation of any property as set forth in the Documents.

71.     The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the efficacy of such provision, it being understood the intent of this Court that the Plan be confirmed and approved in its entirety.

72.     This Confirmation Order shall be, and hereby is, deemed recordable in form and any and all recording authorities are directed to accept this Confirmation Order for filing.

Dated: Oct 26

_____
Honorable Peter J. Walsh
United States Bankruptcy Judge