**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| GLOBAL ENERGY HOLDINGS GROUP, ) | Case No. 09-14192 (PJW) |
| INC., et al. ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |

## OBJECTION BY THE LIQUIDATING TRUSTEE TO PROOF OF CLAIM NUMBER 56 OF PADUANO & WEINTRAUB LLP

Robert L. Franklin, in his capacity as Liquidating Trustee (the "Trustee") objects to the

Proof of Claim Number 56 (the "Claim") filed by and on behalf of Paduano & Weintraub LLP

(the "Firm"), for reasons including, without limitation, the following:

### JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue is proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On November 25, 2009 (the "Petition Date"), the Debtors[1] each filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code.[2]

3. On or about June 29, 2010, the Debtors filed with the Court the Amended Chapter 11

Plan of Reorganization of Global Energy Holdings Group, Inc., Augusta Biofuels, LLC, Spring

---

[1] The Debtors, Global Energy Holdings Group, Inc. ("Global"), Augusta Biofuels, LLC, Spring Hope Biofuels, LLC, Xenthanol Biofuels, LLC and GES – Hickory Ridge Live Oak, LLC (collectively the "Debtors").
[2] In this Objection, the terms "Bankruptcy Code", "section" or "§" shall refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., unless otherwise noted.

Hope Biofuels, LLC, Xethanol Biofuels, LLC, and GES – Live Oak Hickory Ridge, LLC (the "Plan").

4. On October 26, 2010, the Court confirmed the Plan entering Findings of Fact, Conclusions of Law and Order Confirming Amended Chapter 11 Plan of Reorganization of Global Energy Holdings Group, Inc., Augusta Biofuels, LLC, Spring Hope Biofuels, LLC, Xethanol Biofuels, LLC, and GES – Live Oak Hickory Ridge, LLC (the "Confirmation Order").

5. On or about January 24, 2011 the Plan went effective (the "Effective Date").

6. From the Petition Date through the Plan's Effective Date the Debtors managed their businesses as debtors in possession in accordance with §§ 1107 and 1108.

7. As of the Effective Date, the Trustee was appointed pursuant to the Plan and the Confirmation Order. Pursuant to Article III Section D.2., Robert L. Franklin was appointed Liquidating Trustee to oversee all designated matters post-Effective Date.

8. Article III D.2 (f), of the Plan provides that the Liquidating Trustee's rights, powers and duties include:

> (f) filing and/or prosecuting any and all objections to Class 1 Claims and
> Administrative Expense Claims.

The Claim is a general unsecured claim and therefore included within Class 1 as designated in the Plan.

## The Claim

9. The Firm timely filed the Claim in the gross amount of $359,186.61. A copy of the Claim is attached hereto as Exhibit A. The Claim seeks payment for the Firm's work on six different engagements.

10. New York law requires that counsel must provide the client with an engagement letter soon following the start of an engagement. 22 NYCRR Section 1215.1, entitled "Written Letter of Engagement" provides:

> (a) Effective March 4, 2002, an attorney who undertakes to represent a client and enters into an arrangement for, <u>charges</u> or collects any fee from a client <u>shall provide to the client a written letter of engagement before commencing the representation, or within a reasonable time thereafter</u> (i) if otherwise impracticable or (ii) if the scope of services to be provided cannot be determined at the time of the commencement of representation. For purposes of this rule, where an entity (such as an insurance carrier) engages an attorney to represent a third party, the term "client" shall mean the entity that engages the attorney. <u>Where there is a significant change in the scope of services or the fee to be charged, an updated letter of engagement shall be provided to the client.</u> (emphasis added)

11. New York law is applicable because the Firm is located in and conducts its business in New York. Under New York law the Firm was to send to the Debtors a letter before or prior to beginning a new engagement and incurring charges. The Firm failed to abide by the applicable statutory obligations if and to the extent there was any engagement on the six matters identified in the Claim.

12. Despite repeated requests the Firm has only provided the Trustee with one engagement Letter signed by any one of the Debtors, which is limited to one piece of litigation and is dated November 16, 2006 (the "Ariail Letter"). A copy of the Ariail Letter is attached hereto as Exhibit B. The Ariail Letter sets forth the terms of engagement of the Firm with respect to a matter entitled <u>Ariail v. Xethanol Corporation, Christopher D"Arnaud-Taylor, Lawrence S. Bellone, Jeffrey S. Langberg</u> 06 Civ. 10234(HB) (the "Ariail Action"). The Ariail Letter specifically provides that: (a) the Firm will be representing the addressees in the Ariail Action; and (b) Messrs. D'Arnaud Taylor and Langberg would not be personally responsible for the Firm's fees, while presumably, Mr. Bellone would be personally responsible.

13. Upon information and belief, the Ariail Action is unrelated to any of the other matters the Firm has identified in the Claim and for which the Claim requests payment.

14. The most substantial item identified in the Claim is item numbered 4, entitled Global Energy & Management LLC v. Xethanol Corporation, et al., 07 Civ. 11049 (the "Global Management Action") requesting payment in the amount of $223,728.95. Upon information and belief, the Firm began work related to the Global Management Action in November 2007 and ended in regard to the fees and expenses requested in the Claim, on or about December 2009.

15. The named Defendants in the Global Management Action, included at various times, various persons, Xenthanol Corporation, Christopher D'Arnand-Taylor, Jeffrey Langberg, Lawrence Bellone, Louis Bernstein, David Ames, Thomas Endres, Robin Buller, David Kreitzer and John Murphy.

16. Approximately 1.5 years after the Firm allegedly began its representation, on or about April 10, 2009, the Firm claims to have sent an engagement letter in regard to the Global Management Action (the "Global Management Letter") to Global Energy Holdings Group, Inc., Lawrence Bellone, Christopher D'Arnand-Taylor, Jeffrey Langberg and Robin Buller (collectively, the "Defendants"). A copy of the Global Management Letter is attached hereto as Exhibit C.

17. On or about March 18, 2009, the Plaintiffs filed a Fourth Amended Complaint which named only the Defendants. For the first time the universe of defendants is identified as the Defendants. The Global Management Letter is dated soon following the filing of the Fourth Amended Complaint.

18. The Global Management Letter is dated April 10, 2009, and speaks to the terms of the Firm's engagement by the Defendants only, not earlier named, but subsequently dropped

defendants. Further, the Global Management Letter speaks in terms of current arrangements – i.e. there are no present conflicts, hourly rates, monthly bills will be issued. Pursuant to the Global Management Letter the Firm retains the right to terminate the engagement in the event its monthly bills are not timely paid. In fact, the Claim identifies a substantial amount and number of monthly bills past due as of April 10, 2009, the date of the Global Management Letter.

19. Following a request by Trustee's counsel, the firm provided signature pages from the four individual Defendants (the "Individual Defendants"), but no signature for Global. The Global Management Letter purports to provide that the Firm will look only to Global and the insurance carrier for payment, and not to the Individual Defendants. The Individual Defendants, if and to the extent they held a right of indemnification from Global needed to timely file a proof of claim. None of the Individual Defendants filed a proof of claim. The Global Management Letter does not speak to payment for fees incurred in the representation of the individual defendants dropped from the Global Management Action.

20. If and to the extent the Letter provides an obligation by Global to pay the Firm's fees in the Global Management Action, then the obligation would start for services rendered after April 10, 2009.

21. Upon information and belief, Global was insolvent as of April 10, 2009, the date of the Global Management Letter. The Firm knew that Global was insolvent. The Firm was an insider under Code Section 101(31), if and to the extent it was representing Global on matters other than the Global Management Action. If and to the extent that the Firm seeks payment for fees past due as of the engagement then the Global Management Letter may be unwound as a preferential transfer under Code Section 547.

22.  The Global Management Letter provides that the Firm is to look for payment from the insurer.  Upon information and belief the Firm may have reached the terms of an accommodation with the insurer which is less than the full amount of the Claim with respect to the Global Management Action.  Upon information and belief, the Firm intends to apply some of those funds to the payment of post- Petition charges.  The Firm was not engaged by the Debtors during the Cases.

23. The Trustee reserves the right to amend this Objection or file such further and other objection to the Claim as he may deem appropriate.

WHEREFORE, the Trustee respectfully requests that the Count deny the Claim.

Respectfully submitted

Robert L. Franklin
in his capacity as
Liquidating Trustee

By his counsel,

ARCHER & GREINER, P.C.

*/s/ Charles J. Brown III*
300 Delaware Avenue
Suite 1370
Wilmington, DE 19801
T:  (302) 777- 4350
F: (302) 777-4352

PIERCE ATWOOD LLP

*/s/ Gayle P. Ehrlich*
100 Summer Street
Suite 2250
Boston, MA 02110
T:  (617) 488-8135
F: (617) 824-2020

{W2302831.2}

6

# EXHIBIT A

{W2302831.2}

B 10 (Official Form 10) (04/10)

3   56

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Xethanol Corporation | Case Number: 09-14192-PJW |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>**Paduano & Weintraub LLP** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>Katherine Harrison; Paduano & Weintraub LLP; 1251 Avenue of the Americas, 9th Floor; New York, New York 10020<br><br>Telephone number:<br>(212) 785-9100 | **Court Claim Number:** _____<br>(*If known*)<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:** $ 359,186.61 | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount. |
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** Unpaid legal fees<br>(See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>    **3a. Debtor may have scheduled account as:** _____<br>    (See instruction #3a on reverse side.) | |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>**Describe:**<br><br>**Value of Property:** $_____ **Annual Interest Rate** ___%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br>**if any:** $_____ **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: See Attached Statement | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).<br><br>**Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date: 6/11/10 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Katherine B. Harrison*   partner | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## PADUANO & WEINTRAUB LLP - PROOF OF CLAIM SUMMARY STATEMENT

For Unpaid Legal Bills in connection with litigation advice and representation with respect to the following matters for Global Energy Holdings Group, Inc. formerly known as Xethanol Corporation (the "Debtor"):

1. In re Xethanol Corporation Securities Litigation, 06 CV 10234 (S.D.N.Y.) Representation of the Debtor and several of its officers and directors in a group of shareholder class actions;
Pre-Petition Amount Unpaid = $1,668.79

2. In re Xethanol Corporation Derivative Litigation, 06 CV 15536 (S.N.D.Y.) Representation of the Debtor and several of its officers and directors in a group of related derivative actions purportedly brought by shareholders on behalf of the Debtor;
Pre-Petition Amount Unpaid = $2,201.16;

3. Insurance and General Matters
Representation and advice to the Debtor on a variety of matters;
Pre-Petition Amount Unpaid = $20,529.29;

4. Global Energy & Management, LLC v. Xethanol Corporation et al., 07 Civ. 11049 (S.D.N.Y.)
Representation of the Debtor and several of its officers and directors in a fraud claim brought by Global Energy & Management, LLC (a company totally unrelated to the Debtor);
Pre-Petition Amount Unpaid = $223,728.95;

5. David A. Kreitzer v. Xethanol Corporation, Civil No. 08-14 (D. Minn.)
Representation and advice through appeal to Eighth Circuit Court of Appeals of the Debtor in a suit brought by former employee;
Pre-Petition Amount Unpaid = $42,656.53;

6. SEC (SEC #FL-03313)
Representation of the Debtor in connection with an investigation by the Securities and Exchange Commission;
Pre-Petition Amount Unpaid = $68,401.89.

**TOTAL UNPAID PRE-PETITION LEGAL BILLS = $359,186.61**