# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| GLOBAL ENERGY HOLDINGS GROUP, INC., *et al.*,[1] | Case No. 09-14192 (PJW) (Jointly Administered) |
| Debtors. | |

## NOTICE OF AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On November 25, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition under chapter 11 of the Bankruptcy Code

2. On or about June 29, 2010, the Debtors filed with the Court the Amended Chapter 11 Plan of Reorganization of Global Energy Holdings Group, Inc., Augusta Biofuels, LLC, Spring Hope Biofuels, LLC, Xethanol Biofuels, LLC, and GES – Live Oak Hickory Ridge, LLC (the "Plan").

3. On October 26, 2010, the Court confirmed the Plan entering Findings of Fact, Conclusions of Law and Order Confirming Amended Chapter 11 Plan of Reorganization of Global Energy Holdings Group, Inc., Augusta Biofuels, LLC, Spring Hope Biofuels, LLC, Xethanol Biofuels, LLC, and GES – Live Oak Hickory Ridge, LLC (the "Confirmation Order").

4. On or about January 26, 2011 the Plan went effective (the "Effective Date"). From the Petition Date through the Effective Date of the Plan, the Debtors managed their businesses as debtors in possession in accordance with Sections 1107 and 1108.

5. As of the Effective Date, the Trustee was appointed pursuant to the Plan and the Confirmation Order. Pursuant to Article III Section D.2., Robert L. Franklin was appointed Trustee to oversee all designated matters post-Effective Date.

6. Pursuant to the Plan, all assets of any of the Debtors existing as of the Effective Date were vested in the Liquidating Trust, which the Trustee oversees.

7. On May 16, 2011, the Trustee filed Liquidating Trustee's Motion for Orders: (I) Approving bid procedures, break-up fee, overbid percentage in advance of auction for sale of Augusta Real Property and related assets; (II) Setting a final hearing for approval of the sale;

---

[1] The debtors in the chapter 11 cases were: (i) Global Energy Holdings Group, Inc.; (ii) Augusta Biofuels, LLC; (iii) Spring Hope Biofuels, LLC; (iv) Xethanol Biofuels, LLC; and (v) GES Live Oak – Hickory Ridge, LLC (hereafter, the "Debtors").

{W2374783.2}

(III) Approving manner and form of notice of sale; (IV) Approving sale free and clear of all liens, claims and encumbrances, and other interests, pursuant to Section 363; (V) Making Section 363(m)2 and 363(n) findings in favor of purchaser; (VI) Waiving fourteen-day stay period provided by Bankruptcy rule 6004(h); (VII) Finding the sale exempt from stamp tax and similar taxes; and (VIII) Granting related relief (hereinafter the "Preliminary Procedures and Sale Motion").

8.  Pursuant to the Preliminary Procedures and Sale Motion, the Liquidating Trustee of the post-confirmation Liquidating Trust seeks authority to sell certain real and personal property located in Augusta, Georgia (the "Property").

9.  On _____, the United Stated Bankruptcy Court for the District of Delaware entered an order approving certain bid and auction procedures (the "Preliminary Procedures Order"). A copy of the Preliminary Procedures Order is attached hereto as Exhibit A.

10. The Final Sale Hearing to consider approval of the sale of the Property to the winning bidder will be held before the Honorable Peter H. Walsh, United States Bankruptcy Judge, 824 North Market Street, Wilmington, Delaware, 19801 on June ___, 2011 at ___ (prevailing Eastern Time) or at such other time thereafter as counsel may be heard. The Final Sale Hearing may be adjourned from time to time without further notice other than by announcement of the adjournment in open court on the date scheduled for the Final Sale Hearing.

11. Objections, if any, to the sale, or the relief requested in the Preliminary Procedures and Sale Motion, must: (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules; and (c) be filed with the Clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 North Market Street, Wilmington, Delaware 19801, on or before _____, at ___. Objections, if any, to the sale shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules and orders of this Court, shall set forth: (i) the nature of the objector's claims against or interests in Liquidating Trust; (ii) the basis for the objection, (iii) the specific grounds therefor, and (iv) all evidence in support of said objection, and shall be filed and served so as to be received on or before June 23, 2011 at 5:00 p.m. by: (a) the Trustee, (b) the United States Trustee, and (c) all parties requesting service of notice and other motions and pleadings in these chapter 11 cases. If any qualified bidder objects to Trustee's determination of a qualified bid as a higher and better bid for the Property, the sole and exclusive remedy of such qualified bidder shall be to bid under protest at the auction and, upon compliance with this paragraph, have standing at the final sale hearing to contest the Trustee's determination. UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED IN THE PRELIMINARY PROCEDURES AND SALE MOTION WITHOUT FURTHER HEARING AND NOTICE.

12. This Notice is subject to the fuller terms and conditions of the Preliminary Procedures and Sale Motion and the Preliminary Procedures Order, which shall control in the event of any

---

[2] The terms "Section" and "§" shall refer to the Bankruptcy Code unless otherwise stated.

{W2374783.2}

conflict and the Trustee encourages the parties-in-interest to review such documents in their entirety. Parties interested in receiving more information regarding the sale of the Property and/or copies of any related document may make written request to: (i) Pierce Atwood, LLP, 100 Summer Street, Suite 2250, Boston, MA 02110 (Attn: Gayle Ehrlich, Esq.); or Archer & Greiner, P.C., 300 Delaware Avenue, Suite 1370, Wilmington, Delaware 19801 (Attn: Charles Brown, Esq.).

Dated: _____, 2011        RESPECTFULLY SUBMITTED

---

Charles J. Brown III, Esq. (No. 3368)
Archer & Greiner, P.C.
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
T: (302) 777-4350
F: (302) 777-4352
cbrown@archerlaw.com

-and-

---

Gayle Ehrlich, Esq. (pro hac vice)
Pierce Atwood, LLP
100 Summer Street, Suite 2250
Boston, MA 02110
T: (617) 488-8135
F: (617) 824-2020
gehrlich@pierceatwood.com

ATTORNEYS FOR ROBERT L. FRANKLIN, LIQUIDATING TRUSTEE

{W2374783.2}