## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| GLOBAL ENERGY HOLDINGS GROUP, INC., *et al.*, | ) ) ) | Case No. 09-14192 (PJW) |
|  | ) | (Jointly Administered) |
| Debtors. | ) ) ) |  |

Re: Docket # 508

### ORDER: (I) APPROVING THE SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) WAIVING FOURTEEN-DAY STAY PERIOD PROVIDED BY BANKRUPTCY RULE 6004(h); (III) FINDING SALE EXEMPT FROM STAMP TAX AND SIMILAR TAXES; AND (IV) GRANTING RELATED RELIEF

This matter is before the Court on the Liquidating Trustee's Motion for Orders: (I) approving the sale of the property free and clear of all liens, claims, encumbrances, and other interests; (II) waiving the fourteen-day stay period provided by Bankruptcy Rule 6004(h); (III) finding the sale of the property is not subject to being taxed under any law imposing a stamp tax or similar tax, in accordance with Section 1146(a); and (IV) granting related relief [ECF No. 508], filed June 15, 2012 (the "Motion").[1] The Court, after listening to the evidence and argument of counsel, and based upon the record in these cases, makes the following mixed findings of fact and conclusions of law in respect to the Motion.

      A.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O). The statutory predicates for the relief requested are sections 105, 1129, 1141, and 1146 of the Bankruptcy Code,

---

[1] Capitalized terms used in this Order and not otherwise defined herein shall have the meaning ascribed to them in the Motion.

{W3166676.1}

Rule 6004 of the Federal Rules of Bankruptcy Procedure; and Rule 6004-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware.

B.  Due and proper notice of the Motion, the objection date and the hearing thereon have been given, the Motion having been served on: (1) the Office of the United States Trustee for the District of Delaware; (2) all entities known to have expressed a bona fide interest in acquiring the Property (as defined in the Motion); (3) all known entities who assert liens, claims, encumbrances, or other interests against the Property; (4) the members of the Post-Confirmation Committee appointed pursuant to the Plan; (5) all persons or entities who have filed a notice of appearance in the Debtors' cases; and (6) all creditors of the Debtors.

C.  A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities.

D.  The Trustee: (1) has authority pursuant to the Plan, the Confirmation Order and the Liquidating Trust established pursuant to the Plan and Confirmation Order (the "Liquidating Trust") to execute the Contract and all other documents contemplated thereby; (2) has all the power and authority necessary to consummate the transactions contemplated by the Contract (the "Transactions"); and (3) requires no consents or approvals, other than this Order to consummate the Transactions.

E.  The Trustee has exercised sound business judgment in deciding to proceed with those matters provided in the Contract, including without limitation, the Liquidating Trust's transfer to SolarGreen of all of its rights, title and interests in the Property free and clean of all liens, claims, encumbrances or other interests therein.

{W3166676.1}

F.      Approval of the Contract and consummation of the Transactions at this time are in the best interests of the Liquidating Trust and its Beneficiaries.

G.      Pursuant to Section 1129, 1141 and 1146 of the Bankruptcy Code, the Plan, the Confirmation Order and otherwise, the Trustee has articulated good and sufficient business justification for proceeding with the Transactions.

H.      The Trustee and SolarGreen negotiated the Contract in good faith, without collusion, and at arms length. SolarGreen is unrelated to any of the Debtors and/or the Liquidating Trust, is a good faith purchaser andis entitled to the protections afforded to a good faith purchaser.

I.      Neither SolarGreen nor the Trustee has engaged in any conduct that would cause or permit the Contract to be avoided.

J.      The Transactions constitute the best and highest value for the Property and will provide a greater recovery than would be provided by any other available alternative. The value received for the Property is fair and reasonable.

K.      The Trustee may sell the Property free and clear of all liens, claims, encumbrances, rights of first refusal and other interests because, among other things, the Property was transferred to the Liquidating Trust as of the Effective Date pursuant to the Plan, free and clear of all liens, claims, encumbrances, and other interests, and no liens, claims, encumbrances, or other interests have attached to any of the Property following the Effective Date, and in any event the Property is being sold to SolarGreen for a greater value than the aggregate value of all liens on the Property or each person or governmental unit could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest. The transfers of the Property to SolarGreen pursuant to the Contract (the

{W3166676.1}

"Transfers") will be free and clear of any and all liens, claims, interests, and encumbrances in respect of the Debtors' or the Liquidating Trust's ownership.

L.  SolarGreen does not constitute a successor to the Debtors or the Trustee because:

a) Other than as explicitly set forth in the Contract, with respect to future liabilities, SolarGreen is not expressly or impliedly agreeing to assume any of the Debtors' debts;

b) The transaction provided in the Contract does not amount to a consolidation, merger or de facto merger of the Debtors or the Trustee and SolarGreen;

c) SolarGreen is not merely a continuation of the Debtors or the Trustee; and

d) The transactions are not being entered into fraudulently or in order to escape liability from the Debtors' debts.

M.  SolarGreen would not have entered into the Contract and would not consummate the transactions contemplated thereby if the sale of the Property to SolarGreen were not, except as otherwise provided in the Contract, free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever resulting from the Debtors' liability, or if SolarGreen would, or in the future could be liable for any of such liens, claims, encumbrances, and other interests or other liabilities, resulting from the Debtors' or Liquidating Trust's liability.

N.  Except as specifically set forth in the Contract, SolarGreen shall not have any liability in respect of a liability, claim (as that term is defined in section 101(5) of the Bankruptcy Code) or other obligation of or against any of the Debtors or the Liquidating Trust related to the Property by reason of the transfer of the any of the Property to SolarGreen. SolarGreen shall not be deemed, as a result of any action taken in connection with the purchase of the Property, to be a successor to the Debtors for purposes of successor liability or related doctrines and theories of legal and equitable

{W3166676.1}

recovery. SolarGreen is not acquiring or assuming any lien, claim, interest, encumbrance, warranty or other obligation of the Debtors or the Liquidating Trust except as specifically set forth in the Contract.

O. Except as provided in the Contract, consummation of the Transfers does not and will not subject SolarGreen to any debts, liabilities, obligations, commitments, responsibilities or claims of any kind or nature whatsoever, whether known or unknown, contingent or otherwise, existing as of the date hereof or hereafter arising, of or against the Debtors, any affiliate of any of the Debtors by reason of such transfers and assignments under the laws of the United States, except that SolarGreen shall be liable for payment of any liabilities arising following the closing.

P. Section 1146(a) of the Bankruptcy Code provides that "[t]he issuance, transfer, or exchange of a security, or the making or delivery of an instrument or transfer under a plan confirmed under section 1129 of this title, may not be taxed under any law imposing a stamp tax or similar tax." 11 U.S.C. § 1146(a). The Plan was confirmed by this Court on October 26, 2010. The Plan contemplated the Trustee's orderly liquidation of the Debtors' remaining assets, including the Property that is the subject of the Motion, in order to maximize the return to the Debtors' bankruptcy estates and their creditors. Accordingly, the proposed sale of the Property is a fundamental aspect of the liquidation contemplated by the Plan and is occurring after the Debtors obtained confirmation of such Plan. As a result, the sale of the Property shall be exempt from stamp, transfer, sales, recording or any other similar taxes under section 1146(a) of the Bankruptcy Code.

{W3166676.1}

Q. The Liquidating Trust has good, clear, and marketable title to the Property and, accordingly, the Transfers to SolarGreen will be legal, valid and effective transfers.

R. The relief requested in the Motion is necessary and appropriate to assist the overall liquidation of the Liquidating Trust's assets and to prevent the deterioration of the Liquidating Trust's assets, and is in the best interests of the Liquidating Trust, and its Class I Beneficiaries.

S. The Trustee has articulated good and sound business reasons for waiving the fourteen-day stay period with respect to this Order otherwise imposed by Bankruptcy Rule 6004(h).

T. The Trustee has demonstrated that: (1) it is an exercise of his sound business judgment to sell the Property as specified in the Contract; and (2) the sale of the Property as specified in the Contract is in the best interest of the Liquidating Trust, and its Class I Beneficiaries.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion and the relief sought therein is granted in all respects and the terms and conditions of the Contract are approved, with the sale price of $481,000.00 to be paid by SolarGreen at closing.

2. The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall

{W3166676.1}

be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3. All objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled on the merits.

4. The Transactions, the Transfers, and the Contract, are hereby approved in all respects and authorized and directed under sections 1129, 1141, and 1146 of the Bankruptcy Code and otherwise.

5. The Trustee is authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the Contract, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Contract, and to take all further actions as may reasonably be requested by SolarGreen for the purpose of assigning, transferring, granting, conveying and conferring to SolarGreen, or reducing to possession all of the Property, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Contract.

6. Pursuant to the Plan, Confirmation Order and Sections 105(a) and of the Code, upon the closing under the Contract, SolarGreen shall acquire all right, title and interest in and to the Property, free and clear of: a) all mortgages, liens, charges, claims, other interests, counterclaims, rights of setoff, rights of recoupment and similar rights, security interests, security s, conditional sale or other title retention s, limitations, pledges, options, assessments or other such charges, encumbrances, adverse interests, or exceptions to or defects in title or other ownership interests, leases, and licenses resulting from the Debtors' or the Liquidating Trust's ownership, acts or failure to act (collectively, "Interests"); and b) all debts or obligations of any

kind or nature arising in any way in connection with any acts, or failures to act, of the Trustee, the Debtors or the Debtors' predecessors or affiliates, claims (as that term is defined in the Bankruptcy Code), whether known or unknown, contingent, fixed, liquidated or unliquidated (collectively, the "Claims"), except as provided in the Contract, with all such Interests and Claims released, terminated and discharged as to the Property.

7. As of the Closing in accordance with the Contract, all of the Liquidating Trust's interests in the Property will be transferred to and vested in SolarGreen, subject to the fulfillment of the terms and conditions of the Contract. As of the Closing, this Order will be considered and constitute for all purposes a full and complete general quitclaim assignment, conveyance and transfer of the Property, transferring the Liquidating Trust's title and interest in the Property to SolarGreen. All governmental recording offices and all other parties, persons or governmental units are hereby authorized and directed to accept this Order as such a quitclaim assignment and/or quitclaim deed, and, if necessary, this Order will be accepted for recordation on or after the Closing, as conclusive evidence of the transfer of title to the Property conveyed to SolarGreen at the Closing.

8. Pursuant to sections 105(a), 1129 and 1141 of the Bankruptcy Code the Plan and Confirmation Order, the Trustee is authorized to, and upon closing of the Transactions contemplated by the Contract, shall transfer title to the Property to SolarGreen free and clear of: (a) all Interests and Claims, whether known or unknown, whether contingent, unliquidated, disputed, whether imposed by agreement, understanding, law, equity or otherwise, including without limitation those of the kind specified in sections 502(g), 502(h) and 502(i) of the Bankruptcy Code, and whether arising before or after the commencement of these Chapter 11 cases, except as to the extent provided in the Contract.

8

{W3166676.1}

9. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee to sell and transfer the Property to SolarGreen in accordance with the terms of the Contract and this Order (other than by an appeal timely taken with respect to this Order or a motion timely made under Bankruptcy Rules 9023 or 9024).

10. Upon consummation of the transactions contemplated by the Contract, all liens, claims, encumbrances and other interests shall be released, terminated, and discharged as to the Property to the fullest extent permitted by law without necessity of any further notice to, or action by, any person or entity and all persons or entities holding liens or claims of any kind and nature against the Liquidating Trust, the Trustee, the Debtors or any of their affiliates or with respect to any of the Property and are hereby barred and enjoined from asserting such liens, claims, encumbrances and other interests against the Property or SolarGreen or its successors, designees, or assigns and any of their respective affiliates, stockholders, members, officers, directors, employees, agents, or representatives. All liens, claims, encumbrances and other interests shall be transferred at the Closing to the proceeds from the sale of the Property to the same extent and with the same priority and validity as such liens, claims, encumbrances and other interests had in the Property prior to Closing.

11. If any person that has filed financing statements or other documents evidencing Interests on or in the Property shall not have delivered to the Trustee before the Closing, in form proper for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Interests or other interests that the person or entity has with respect to the Property, SolarGreen is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person with respect to the Property.

{W3166676.1}

12. Nothing contained in any order entered in these cases shall conflict with or derogate from the provisions of the Contract or the terms of this Order.

13. The Contract and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material.

14. SolarGreen is a good-faith purchaser, entitled to the protections of section 363(m) of the Bankruptcy Code and/or otherwise entitled to all the protections afforded a good faith purchaser under Section 363(m), in the event that this Order is reversed or modified on appeal; provided, however, that nothing herein shall be construed to release, waive, or otherwise modify claims the Liquidating Trust or SolarGreen may have against each other relating to Transactions or the Transfers or occurances to be consummated under the Contract, which are fully preserved.

15. The consideration provided by SolarGreen for the Property, pursuant to the Contract, constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of the United States.

16. The Transfers are fair and reasonable and may not be avoided under Section 363(n) of the Bankruptcy Code and/or otherwise.

17. The failure specifically to include any particular provision of the Contract in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Contract be authorized and approved in its entirety.

18. As provided by Bankruptcy Rule 7062, this order shall be effective and enforceable immediately upon entry. This Order shall not be subject to the stay arising under

{W3166676.1}

Bankruptcy Rule 6004(h) and such rule is waived, and the parties to the Contract may accordingly proceed immediately to Closing.

19. In accordance with section 1146(a) of the Bankruptcy Code and Paragraph 33 of the Confirmation Order, the transfer of the Property pursuant to this shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, including but not limited to the transfer tax on the Deed (as defined in the Contract) with respect to the sale of the Real Property (as defined in the Motion), and the appropriate state or local governmental officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

20. This Court shall retain jurisdiction to decide and resolve any disputes arising between SolarGreen and the Liquidating Trust or any other person or entity with respect to the Contract or any of the related documents or this Order.

Dated: July 9, 2012

THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE