UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 <br> ) <br> ) |
| GLOBAL ENERGY HOLDINGS GROUP, INC., *et al.*,[1] | ) Case No. 09-14192 (PJW) <br> ) (Jointly Administered) <br> ) |
| Debtors. | ) Hearing Date: June 3, 2014 at 2:00 p.m. (ET) <br> ) Objection Deadline: May 27, 2014 at 4:00 p.m. (ET) |

**MOTION OF THE LIQUIDATING TRUSTEE FOR ORDER AUTHORIZING THE TRUST PURSUANT TO SECTIONS 363(b)(l) AND 105 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a) TO ENTER INTO SETTLEMENT AGREEMENT WITH AMEC ENVIRONMENT & INFRASTRUCTURE, Inc. (successor in interest to MACTEC ENGINEERING AND CONSULTING, INC.) REGARDING CLAIM NO. 38**

Robert L. Franklin, in his capacity as Liquidating Trustee (the "Trustee") by and through his attorneys, pursuant to §§ 363(b)(l) and 105 of the Bankruptcy Code,[2] and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves for entry of an order approving and authorizing the Trust to proceed with a Settlement Agreement and Release (the "Settlement Agreement") between the Trust and AMEC Environment & Infrastructure, Inc. (successor in interest to MACTEC Engineering Consulting, Inc.) ("MACTEC"). In support of this Motion, the Trustee respectfully represents:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C, §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C, § 157(b)(2)(A), (B) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The debtors in these chapter 11 cases were (i) Global Energy Holdings Group, Inc.; (ii) Augusta Biofuels, LLC; (iii) Spring Hope Biofuels, LLC; (iv) Xethanol Biofuels, LLC; and (v) GES Live Oak-Hickory Ridge, LLC (collectively, the "Debtors").
[2] In this Motion the terms "Bankruptcy Code," "section" and "§" shall refer to title 11 of the United States Code, 11 U.S.C. § 101 et seq., unless otherwise indicated.

{W4240616.1}

## BACKGROUND

2. On November 25, 2009 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. On or about June 29, 2010, the Debtors filed with the Court the Amended Chapter 11 Plan of Reorganization of Global Energy Holdings Group, Inc., Augusta Biofuels, LLC, Spring Hope Biofuels, LLC, Xethanol Biofuels, LLC, and GES – Live Oak Hickory Ridge, LLC (the "Plan").

4. On October 26, 2010, the Court confirmed the Plan entering Findings of Fact, Conclusions of Law and Order Confirming Amended Chapter 11 Plan of Reorganization of Global Energy Holdings Group, Inc., Augusta Biofuels, LLC, Spring Hope Biofuels, LLC, Xethanol Biofuels, LLC, and GES – Live Oak Hickory Ridge, LLC

5. On or about January 24, 2011 the Plan went effective (the "Effective Date").

6. From the Petition Date through the Plan's Effective Date the Debtors managed their businesses as debtors in possession in accordance with §§ 1107 and 1108.

7. As of the Effective Date, the Trustee was appointed pursuant to the Plan and the Confirmation Order. Pursuant to Article III Section D.2., the Trustee was appointed to oversee all designated matters post-Effective Date.

8. Article III D.2 (a) and (b), of the Plan provides that the Trustee's rights, powers and duties include:

> (a) making distributions to holders of allowed claims in accordance with the provisions of the Plan; and
> (b) administering, preserving and/or liquidating the Liquidating Trust Assets as defined in the Plan.

The Liquidating Trust established pursuant to the Plan to hold the Debtors' assets post-Effective date, is hereafter referred to as the "Trust".

9. The Property is the only remaining Trust's asset to be monetized, which the Trustee is actively marketing. Resolution of the Claim will release the only lien upon the Property and receipt of the reports will provide valuable information to facilitate the sale.

10. While the Claim was timely filed, the Trust has subsequently disputed the allowance of the Claim allegedly due to MACTEC's failure to timely satisfy requirements under the Plan.

## THE CLAIM

11. MACTEC timely filed Proof of Claim Number 38 (the "Claim") in the amount of $92,009.38, which sought payment for MACTEC's pre-petition environmental consulting work related to the Debtors' real property located in Spring Hope, North Carolina (the "Property"). Pre-Petition MACTEC received a judgment in the amount of the Claim and filed a Claim of Lien On Real Property. Arguably, MACTEC holds a secured claim entitling it to all respective rights. A copy of the Claim is attached as Exhibit A.

12. Both the Trust and MACTEC are interested in proceeding with a resolution and payment of the Claim. As a result, the parties have agreed to a single payment in the amount of $75,000.00 to MACTEC in full satisfaction of the Claim, following receipt of Court approval of the settlement. In addition, MACTEC will, upon receipt of the settlement payment, release to the Trust copies of reports in its possession concerning the Property (as previously identified and agreed by the parties). The settlement of the Claim shall be deemed a release of MACTEC's lien on the Property (or any other lien that could be asserted by MACTEC). Additionally, the Trustee, on behalf of the Debtors, shall provide MACTEC with a waiver of conflict of interest pertaining to MACTEC's work related to the Property in a form acceptable to MACTEC.

{W4240616.1}

## SETTLEMENT AGREEMENT[3]

The Settlement Agreement provides for:

a) Payment of $75,000 by the Trust to MACTEC in complete satisfaction of the Claim;

b) MACTEC to deliver to the Trustee full and complete copies of all reports and related materials in its possession regarding the Property (as previously identified and agreed by the parties);

c) MACTEC to execute and deliver to the Trust such documents as necessary to release its lien on the Property as may be provided to MACTEC by the Trust; and

d) The Trustee, on behalf of the Debtors, to provide MACTEC with a waiver of conflict of interest pertaining to MACTEC's work related to the Property in a form acceptable to MACTEC

A copy of the Settlement Agreement is attached as Exhibit B.

## RELIEF REQUESTED

13. By this Motion, the Trustee seeks entry of the Proposed Order, in substantially the same form as attached hereto as Exhibit C, pursuant to §§ 363(b)(1) and 105 and Rule 9019, approving the Settlement Agreement.

14. Section 363(b)(l) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate," 11 U.S.C. § 363(b)(l). Section 105(a) states that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). As such, when necessary, "courts are able to craft flexible remedies that, while not expressly authorized

---

[3] The summary description provided below is intended to provide a synopsis of the Settlement Agreement.

4

{W4240616.1}

by the Code, effect the result the Code was designed to obtain." <u>Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery</u>, 330 F.3d 548, 568 (3d Cir. 2003).

15. Bankruptcy Rule 9019(a) provides, in relevant part that "[o]n motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

16. The standards by which courts evaluate a proposed compromise and settlement are well established. In determining whether to approve a certain settlement, the "ultimate inquiry ... [is].,. 'whether the compromise is fair, reasonable and in the interest of the estate.'" <u>In re Marvel Entm't Group, Inc.</u>, 222 B.R. 243, 249 (Bankr. D. Del. 1998) (quoting <u>In re Louise's, Inc.</u>, 211 B.R. 798, 801 (D. Del. 1997), Courts need not conduct an independent investigation in formulating an opinion as to the reasonableness of a settlement. Rather, a court is permitted to defer to the judgment of the debtor, and the court's responsibility is to review the issues to see whether the proposed settlement "falls below the lowest point in the range of reasonableness." <u>In re Pennsylvania Truck Lines, Inc.</u> 150 B.R. 595, 601 (E.D, Pa. 1992), <u>aff'd</u>, 8 F.3d 812 (3d Cir. 1993); <u>In re Grant Broadcasting of Phila., Inc.</u>, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987). Accordingly, courts may approve a compromise and settlement if it is fair and equitable and in the best interests of the debtor's estate and creditors. See <u>Kranzdorf v. Green</u>, 76 B.R. 974, 979 (E.D. Pa. 1987); <u>In re Culmtech, Ltd.</u>, 118 B.R. 237, 240 (Bankr. M.D. Pa. 1990).

17. In reviewing settlements, courts often evaluate the following factors, in addition to reviewing the terms and conditions of the settlement itself:

    (a)  The probability of success in the litigation;

    (b)  The difficulty in collecting any judgment which may be obtained;

    (c)  The complexity of the litigation involved and expense, inconvenience and delay necessarily attendant to it; and

  (d) The interest of creditors and stockholders with a proper deference to their reasonable views of the settlement.

See, e.g., Protective Comm. for Independent Stockholders for TMT Trailer Ferry, Inc. v. Anderson. 390 U.S. 414, 424 (1968); In re Paolino, 87 B.R. 8, 10 (E.D. Pa. 1988); In re Culmtech, Ltd., 118 B.R. at 238; In re Grant Broadcasting. 71 B.R. at 395.

18. The Settlement Agreement meets all applicable standards and is fair, reasonable, and in the best interests of the Trust and its creditor beneficiaries.

19. Absent the Settlement Agreement, upon sale of the Property, the Trust might have to pay the full amount of the Claim, and possible interest. This calculus does not even factor in the additional benefit to the Trust of receiving copies of the MACTEC reports concerning the Property. As such, the Trustee believes that the Settlement Agreement is a fair and reasonable compromise and that the payments as provided in the Settlement Agreement are in the best interest of the Trust.

## NOTICE

20. Notice of this Motion has been provided to: (a) the United States Trustee for the District of Delaware (Attn. T. Patrick Tinker); and (b) those parties who have requested service of all motions and pleadings pursuant to Bankruptcy Rule 2002; and (c) counsel to MACTEC. Trustee submits that no further notice need be provided.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form of the Proposed Order: (i) granting this Motion; (ii) approving the terms of the Settlement Agreement; and (iii) granting the Trustee such other and further relief as is just and proper.

{W4240616.1}

Dated: May 5, 2014

/s/ *Charles J. Brown, III*
Charles J. Brown III, Esq. (No. 3368)
Gellert Scali Busenkell & Brown LLC
913 Market Street, 10th Floor
Wilmington, DE 19801
302-425-5813
302-377-9714 (cell)
cbrown@gsbblaw.com

-and-

Gayle Ehrlich, Esq. (*pro hac vice*)
Pierce Atwood LLP
100 Summer Street, Suite 2250
Boston, MA 02110
T: (617) 488-8135
F: (617) 824-2020
gehrlich@pierceatwood.com

*ATTORNEYS FOR ROBERT L. FRANKLIN in his capacity as Liquidating Trustee*

{W4240616.1}