UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 <br> ) |
| GLOBAL ENERGY HOLDINGS GROUP, INC., *et al.*,[1] | ) Case No. 09-14192 (PJW) <br> ) (Jointly Administered) |
| Debtors. | ) <br> ) |

## STATUS REPORT OF ROBERT D. FRANKLIN, LIQUIDATING TRUSTEE

Robert L. Franklin, in his capacity as Liquidating Trustee (the "Trustee") by and through his attorneys, hereby submits the within Status Report and respectfully represents:

1. On November 25, 2009 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

### PREPETITION EVENTS

2. Prior to the Petition Date, the Debtors were a diversified renewable energy company based in Atlanta, Georgia. One of the Debtors, Global Energy Holdings Group, Inc. ("Global") was a publicly listed corporation trading under the name.

3. Global's only source of revenue during 2008 was from its sales of ethanol and related products at its Blairstown, Iowa corn-based ethanol plant (the "Blairstown Facility"). As a result of high prices for corn and natural gas, Global ceased production of ethanol at the Blairstown Facility on May 1, 2008, to reduce its operating losses. Just prior to the Petition Date, the Blairstown Facility was sold to a third party purchaser (the "Blairstown Sale").

4. Prior to the Petition Date, Augusta Biofuels, LLC owned a former pharmaceutical

---

[1] The debtors in these chapter 11 cases were (i) Global Energy Holdings Group, Inc.; (ii) Augusta Biofuels, LLC; (iii) Spring Hope Biofuels, LLC; (iv) Xethanol Biofuels, LLC; and (v) GES Live Oak-Hickory Ridge, LLC (collectively, the "Debtors").

manufacturing complex in Augusta, Georgia. This plant was not convertible into a business enterprise without a substantial cash infusion. Spring Hope Biofuels, LLC owned a former medium density fiberboard plant in Spring Hope, North Carolina. Global decided that its Augusta and Spring Hope facilities did not fit within its long-term corporate strategy and was pursuing the sale of those facilities.

5. Global determined that it was prudent to file for Chapter 11 when it did in order to restructure its business under the protection of the bankruptcy court. The company planned to continue an orderly liquidation of its non-core assets and while exploring business opportunities upon which it could structure its emergence from Chapter 11.

6. The Debtors' business operations and investments as of the Petition Date included: the right to purchase all landfill gas generated at the Hickory Ridge Landfill in DeKalb County, Georgia; utility energy service contract Master Agreements with AGL Services Company and The Southern Company; minority investments in renewable energy or clean technology businesses; and real estate located in Augusta, Georgia and Spring Hope, North Carolina.

## SIGNIFICANT SALE OF ASSETS

7. The most significant asset sale that occurred during the case was the sale of the rights to purchase landfill gas at the Hickory Ridge Landfill in DeKalb County, Georgia, which sale generated $2,650,000.00 and was approved by the Court on July 29, 2010.

## STATUS OF PLAN NEGOTIATIONS

8. On or about June 29, 2010, the Debtors filed with the Court the Amended Chapter 11 Plan of Reorganization of Global Energy Holdings Group, Inc., Augusta Biofuels, LLC, Spring Hope Biofuels, LLC, Xethanol Biofuels, LLC, and GES – Live Oak Hickory Ridge, LLC

(the "Plan").

9.  On October 26, 2010, the Court confirmed the Plan entering Findings of Fact, Conclusions of Law and Order Confirming Amended Chapter 11 Plan of Reorganization of Global Energy Holdings Group, Inc., Augusta Biofuels, LLC, Spring Hope Biofuels, LLC, Xethanol Biofuels, LLC, and GES – Live Oak Hickory Ridge, LLC

10. On or about January 24, 2011 the Plan went effective (the "Effective Date"). From the Petition Date through the Plan's Effective Date the Debtors managed their businesses as debtors in possession in accordance with §§ 1107 and 1108.

11. As of the Effective Date, the Trustee was appointed pursuant to the Plan and the Confirmation Order. Pursuant to Article III Section D.2., the Trustee was appointed to oversee all designated matters post-Effective Date.

12. Article III D.2 (a) and (b), of the Plan provides that the Trustee's rights, powers and duties include:

   a. making distributions to holders of allowed claims in accordance with the provisions of the Plan; and

   b. administering, preserving and/or liquidating the Liquidating Trust Assets as defined in the Plan.

13. The Liquidating Trust established pursuant to the Plan to hold the Debtors' assets post-Effective date, is hereafter referred to as the "Trust".

## CHAPTER 5 CAUSES OF ACTION AND PENDING ADVERSARY PROCEEDINGS

14. No Chapter 5 cases have been filed and there are no pending adversary proceedings.

15. The prepetition closure and sale of the Blairstown, Iowa ethanol resulted in there

being little to no activity or transfers since May of 2008. As a result, there were few transfers to consider recovering under Chapter 5. Additionally, the sale of the of the rights to purchase landfill gas at the Hickory Ridge Landfill in DeKalb County, Georgia for $2,650,000.00 ensured that general unsecured creditors would be receiving a significant distribution such that the pursuit of any Chapter 5 claims would not be economical.

## SIGNIFICANT FUTURE DEVELOPEMENTS

16. The real estate located at Spring Hope, North Carolina (the "Property") is the only remaining Trust asset to be monetized, which the Trustee is actively marketing. The Property was encumbered by a certain pre-petition mechanic's lien claim (the "Claim"). In or about May of 2014, the Trustee resolved the Claim pursuant to a settlement agreement, which this Court approved on May 30, 2014. The resolution of the claim released the only lien upon the Property and allowed the Trustee to receive the environmental reports of the Property providing valuable information to facilitate the sale.

17. The Trustee is continuing to market the Property and anticipates a consummating a sale of the Property within the next six to twelve months and making a final distribution shortly thereafter.

Dated: January 20, 2015

        <u>/s/ *Charles J. Brown, III*</u>
Charles J. Brown III, Esq. (No. 3368)
Gellert Scali Busenkell & Brown LLC
913 Market Street, 10th Floor
Wilmington, DE 19801
302-425-5813
302-377-9714 (cell)
cbrown@gsbblaw.com

Gayle Ehrlich, Esq. (*pro hac vice*)
Pierce Atwood LLP
100 Summer Street, Suite 2250
Boston, MA 02110
T: (617) 488-8135
F: (617) 824-202
gehrlich@pierceatwood.com

*ATTORNEYS FOR ROBERT L. FRANKLIN in his capacity as Liquidating Trustee*